**LE TOURNEAU CO. OF GEORGIA v. NATIONAL LABOR RELATIONS BOARD.**

**No. 10954.**

Circuit Court of Appeals, Fifth Circuit.

July 30, 1945.

For former opinion, see 143 F.2d 67.

A. C. Wheeler, of Gainesville, Ga., and Clifton W. Brannon and C. M. McClure, both of Toccoa, Ga., for petitioner.

Alvin J. Rockwell, Gen. Counsel, National Labor Relations Board, Malcolm F. Halliday, Associate Gen. Counsel, N.L.R.B., and Fannie M. Boyls, Atty., N.L.R.B., all of Washington, D. C., for National Labor Relations Board.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

A rehearing is asked on two grounds: 1. Because our decree of injunction is not in terms against "the officers, agents, successors and assigns" of the Le-Tourneau Company as well as the Company itself; and, 2. Because the injunction does not prohibit expressly interference with the distribution of union literature on other parking lots which the Company may in the future establish, and other related or like unfair practices. We will deny a rehearing, but lest the denial be misunderstood, will state the reason. We think the provisions the Board wishes inserted in the decree are wholly unnecessary, and would add nothing to the effectiveness of the injunction. A decree of injunction, like other personal judgments, binds parties and their privies, and only these. This Company's officers, agents and successors, though not parties to this case personally, are privies of the Company. All that is necessary hereafter to bind any of them is to notify them of the injunction. Ex parte Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110. As to assigns, they may or may not be bound by such an injunction. If the assignment be of the Company's whole plant and business, it is probable the assignee would be bound as a successor. If the parking lots alone were sold off for another use, we take it the injunction would not affect the new owner. Of course a sham sale to evade the injunction would not be allowed to succeed. Persons who are not parties nor in law affected by an injunction cannot be brought within it by naming them in it. Chase National Bank v. Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894. While it is common practice to write into injunctions such broad expressions as are under discussion, they really have no effect. Rule of Civil Procedure 65(d), 28 U.S.C.A. following section 723c correctly states the true law thus: "Every

order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." These are bound whether named or not. Nothing is gained by multiplying words about them. See also 28 Am.Jur., Injunctions, §§ 331, 332; Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478.

█ This record does not show that Le-Tourneau Company has any anti-union bias, or has purposely sought to hinder self-organization of the employees. The Board found that the Company's rule against distribution of literature on its parking lots was enforced impartially and not specially to deter union organization. There is no reason to anticipate any other similar unfair labor practice, or the establishment of other parking lots in evasion of the injunction, or other like trick. It would not succeed if attempted. The decree sufficiently meets the case, as it stands.

Motion denied.