**KEAN v. HURLEY et al.**

No. 13922.

United States Court of Appeals
Eighth Circuit.

Feb. 9, 1950.

Clarence W. Heyl, Peoria, Ill. (Heyl, Royster & Voelker, Peoria, Ill. and Roy J. Mordaunt, Minneapolis, Minn. on the brief) for appellant.

Mandt Torrison, St. Paul, Minn. (Thomas O. Kachelmacher, George W. Colburn and James B. Lund, Minneapolis, Minn. on the brief) for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This was a proceeding in contempt brought against appellees for the alleged violation of an injunctional decree. The injunctional decree was entered in a suit brought by plaintiff's grantor and predecessor in interest in the Federal Court for the District of Minnesota. The jurisdiction of the court was based upon diversity of citizenship, the plaintiff in that suit being a resident of Florida and the owner of a large tract of land in northern Minnesota, known as the "Joyce Estate." The named defendants in that suit were Dick Bailey and E. Gonsolin. They were personally served but did not appear and the decree was a default decree. By its terms the decree enjoined "Dick Bailey and E. Gonsolin, and each of them." The decree contained further provision,

"It is further, Ordered, Adjudged and Decreed by the Court that all of the above named defendants, or any or either of them, and all persons whomsoever from and after the time they severally obtain notice or knowledge of the issuance of the injunction pursuant to the original decree entered herein on May 11th, 1925, and as this day amended, are permanently and perpetually enjoined from going into or upon the lands described in said original decree, as this day amended, or going over the same or taking any equipment, traps, or other paraphernalia into or upon the same, and from hunting, shooting, trapping or trespassing thereon, or from aiding, abetting, assisting, counseling or encouraging any other person or persons in violating said injunction, and from removing or attempting to remove any game, animals or property therefrom, or injuring the same."

The original decree was entered May 11, 1925, but was later amended by adding certain parcels of land to it and substituting

the present plaintiff in lieu of the original plaintiff, who was her predecessor in interest.

Upon petition of appellant the court, under date April 23, 1948, directed appellees to show cause why they should not be held in contempt of court for violating this injunction. The plaintiff alleged trespassing upon the premises by the appellees. Appellees filed answers supported by affidavits in which they challenged the sufficiency of the petition and affidavit accompanying the same, to state a cause of action, and they alleged that they were not acquainted with the defendants named in the injunction suit; that they are not officers, agents, servants, employees or attorneys for the named defendants; that they had never been associated with them in any way; that they had never been personally served with a copy of the injunction and had no actual notice of it; that the court was without jurisdiction to issue the original or amended injunction so far as the appellees were concerned. Other allegations do not seem to be material to the issues actually decided by the trial court. After full hearing the court entered findings holding that appellees were not in contempt of court. The court found that appellees had not acted in concert with the named defendants or participated with them and that the court was without jurisdiction to issue an injunction against appellees in the terms which it did. The court made no findings as to the acts constituting the alleged trespass, nor as to the knowledge or notice of the issuance of the injunction prior to appellees' acts of going upon the land. We shall confine our consideration to the issue determined by the trial court.

Appellant maintains in this court, as it did in the trial court, that the court had jurisdiction to issue the injunction binding upon the appellees, though they were not parties to the action, nor officers, agents, servants, employees or attorneys for the named defendants.

At the time of the entry of the injunctional decree, Section 383, Title 28 U.S. C.A., was in full force and effect. The section provides, "Every order of injunction or restraining order * * * shall be binding only upon the parties to the suit, their officers, agents, servants, employees, and attorneys, or those in active concert or participating with them, and who shall, by personal service or otherwise, have received actual notice of the same."

This matter of procedure is now governed by Rule 65(d) Federal Rules of Civil Procedure, 28 U.S.C.A. So far as the question here involved, the now prevailing rule of court is substantially the same as the above quoted statute.

The trial court in disposing of the issue, among other things said, "It is conceded that these respondents did not act in concert or participate with the named defendants, Bailey and Gonsolin. Neither were they agents, servants or employees of the defendants."

■ A judgment or decree for injunction is usually in personam and as such binding upon the parties to the litigation and those who are represented by such parties or are in privity with them. Stated conversely, persons who are not parties to the injunction or in privity with them, and whose rights have not been adjudicated therein, are not bound by the decree and can not be held liable for acts done contrary thereto even though the decree assumes to bind them. Chase National Bank v. City of Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894; Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832; Regal Knitwear Co. v. N. L. R. B., 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661; Scott v. Donald, 165 U.S. 107, 17 S.Ct. 262, 41 L.Ed. 648; LeTourneau Co. v. N. L. R. B., 5 Cir., 150 F.2d 1012. The suit here had for its object a judgment against the person as distinguished from a judgment against the property. The Supreme Court of Minnesota in Erickson v. Sinykin, 223 Minn. 232, 26 N.W.2d 172, 174, 170 A.L.R. 500, considered an action to determine the ownership of $760 in currency found by plaintiff in a room in defendant's hotel. In the course of the opinion the court, among other things, said, "We are limited in this action solely to a determination of the rights and remedies of the parties to the cause. The original owner is unknown. He has made no appearance and is not a party to the

action. This is a proceeding in personam, not one in rem. Therefore, until the actual owner appears and establishes his ownership, there can be no final determination of his rights."

In Chase National Bank v. City of Norwalk, supra, the Supreme Court held that the decree from which the appeal was taken "was clearly erroneous in so far as it enjoined 'all persons to whom notice of the order of injunction should come from taking any steps or action of any kind to cause the enforcement of the ouster in the state court.' The city alone was named as defendant. No person other than the city was served with process. None came otherwise before the court. The prayer of the bill sought relief solely against the city and 'its officers, officials, agents, employees and representatives.' It is true that persons not technically agents or employees may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate. Since such persons are legally identified with the defendant and privy to his contempt, the provision merely makes explicit as to them that which the law already implies. * * * But by extending the injunction to 'all persons to whom notice of the injunction should come,' the District Court assumed to make punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law." [291 U.S. 431, 54 S.Ct. 477].

In Regal Knitwear Co. v. National Labor Relations Board, supra, it is said [324 U.S. 9, 65 S.Ct. 481], "The courts, nevertheless, may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law."

In Scott v. Donald, supra, the court said [165 U.S. 107, 17 S.Ct. 265], "* * * we do not think it comports with well-settled principles of equity procedure to include them in an injunction in a suit in which they were not heard or represented, or to subject them to penalties for contempt in disregarding such an injunction."

In Alemite Mfg. Corp. v. Staff, supra, an injunction against infringement of a patent was issued against John Staff. At the time of the issuance of the injunction Joseph Staff was in the employ of his brother John. He thereafter quit the employment of his brother and proceeded to infringe the patent. He was adjudged in contempt. On appeal the court, speaking through Judge Learned Hand, said inter alia, "On the other hand no court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court."

The injunctional decree in the instant case in effect purports to enjoin the world at large.

Under the criminal laws of Minnesota, these premises together with all similar property are afforded general protection but one charged with violation of the criminal laws is entitled to trial by jury and is entitled to be acquitted unless the evidence be such as to prove his guilt beyond a reasonable doubt. If an injunction against the world at large may be sustained, then one doing an act with reference to the premises involved which under the state law might constitute a criminal offense, may be punished as in contempt of court. In such proceeding the party charged is deprived of the right to trial by jury and his offense, if any, may be established by a preponderance of the evidence as distinguished from evidence proving his guilt beyond a reasonable doubt. Such a procedure would go far toward establishing government by injunction.

Being of the view that the court was without jurisdiction to enter the decree enjoining the world at large, it follows that the appellees, who were not parties to the action, and who were not of-

ficers, agents, servants, employees or attorneys of the named defendants therein, and who did not act in concert or participate with the named defendants, could not properly be adjudged in contempt for violating the injunctional decree.

The order appealed from is therefore affirmed.