Malcolm WEISS, Plaintiff,

v.

YORK HOSPITAL, et al., Defendants.

Civ. No. 80-0134.

United States District Court, M. D. Pennsylvania.

Sept. 30, 1982.

Arnold Levin, Michael D. Fishbein, Philadelphia, Pa., Lewis H. Markowitz, Marc G. Tarlow, York, Pa., for plaintiff.

Stuart H. Savett, David H. Weinstein, Philadelphia, Pa., Robert J. Brown, York, Pa., for defendants.

## OPINION

MUIR, District Judge.

### I. Introduction.

Plaintiff Malcolm Weiss, individually and on behalf of the class of all osteopathic

physicians practicing in the York Medical Service Area filed this action for injunctive relief and monetary damages under the federal antitrust laws, 15 U.S.C. §§ 1, 2, 15, 26, as well as under state law on February 6, 1980. An amended complaint was filed on June 2, 1982 in which Weiss named as Defendants the York Hospital, the York Hospital Medical and Dental Staff, and individual defendants Gary Ardison, M.D., Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., Jack A. Kline, M.D., Lois Kushner, M.D., S. Philip Laucks, M.D., Harold H. MacDougall, M.D., Iain L. MacKenzie, M.D., and John P. Whiteley, M.D. (sometimes hereinafter collectively referred to as "the Defendants").

On May 4 and 5, 1981, this Court held a hearing with respect to Weiss's motion for class action certification. Thereafter, on May 28, 1981, this Court granted Weiss's motion for class certification and the Court certified the class to consist of all osteopathic physicians practicing medicine within the York Medical Service Area (hereinafter referred to as "the Plaintiff Class").

After several delays, caused in part by petitions to the Court of Appeals for Writs of Mandamus and Prohibition filed by the Defendants and certain non-party physicians from whom Plaintiff Weiss and the Plaintiff Class (sometimes hereinafter referred to as "the Plaintiffs") sought discovery, e.g. DeMasi v. Weiss, 669 F.2d 114 (3d Cir. 1982), the liability phase of this trial was ultimately scheduled for trial on the Court's August, 1982 Harrisburg-Lewisburg list for trial. On August 4, 1982, the jury in this case was selected at the United States Courthouse in Lewisburg, Pennsylvania. Pursuant to a request of all parties and for the convenience of the parties, witnesses and counsel, the Court agreed to hold the trial of this case in Williamsport, Pennsylvania.

The trial of this action commenced on August 11, 1982. On September 1, 1982, a 12-member jury returned unanimous answers to 40 special verdict questions. Thereafter, the Defendants requested the opportunity to present additional evidence to the Court, sitting without a jury, on the question of whether equitable relief should issue under Section 16 of the Clayton Act, 15 U.S.C. § 26. On September 14, 1982, this Court held a hearing with respect to the issue of equitable relief. Following are the Court's findings of fact, discussion, conclusions of law, and order regarding the request of Plaintiff Weiss and the Plaintiff Class for equitable relief.

II. Findings of Fact.

1. The Defendants engaged in business activities in interstate commerce (Special Verdict Question No. 1) (hereinafter "S.V. ——").

2. The Defendants' conduct concerning Plaintiff Weiss and the Plaintiff class occurred in interstate commerce (S.V. 2).

3. The Defendants' conduct in general had a "not insubstantial" effect on interstate commerce (S.V. 3).

4. The Defendants' conduct concerning Plaintiff Weiss and the Plaintiff class had a "not insubstantial" effect on interstate commerce (S.V. 4).

5. Plaintiff Weiss would have been granted staff privileges at the York Hospital but for the fact that he was an osteopathic physician rather than an allopathic physician (S.V. 5).

6. The procedures utilized by the Defendants in denying Plaintiff Weiss's application for staff privileges at the York Hospital were unfair taken as a whole (S.V. 6).

7. At least one Defendant conspired with another person or entity to deny Plaintiff Weiss staff privileges at the York Hospital because Weiss was an osteopathic physician but that conspiracy did not constitute an unreasonable restraint upon interstate commerce (S.V. 7, 8).

8. The York Hospital Medical and Dental Staff conspired with another person or entity to deny or impede reasonable, fair, equal, and full access to staff privileges at the York Hospital by osteopathic physicians other than Plaintiff Weiss (S.V. 11, 13).

9. The conspiracy referred to in the previous paragraph constituted an unreason-

able restraint upon interstate commerce and caused injury to members of the Plaintiff Class other than plaintiff Weiss in their businesses and property (S.V. 11.5, 12).

10. A relevant product market for the provision of inpatient hospital health care services supplied by hospitals and their medical staffs has been established (S.V. 14).

11. The York Medical Service Area is the relevant geographic market for the provision of inpatient hospital health care services provided by the Defendants (S.V. 15).

12. The York Hospital had the power to control prices in and exclude competitors from the relevant market (S.V. 16, 17, 18, 19).

13. The York Hospital Medical and Dental Staff had the power to control prices in the relevant market (S.V. 16, 17).

14. The York Hospital Medical and Dental Staff had no power to exclude competitors from the relevant market (S.V. 18, 19).

15. No other Defendant had the power either to control prices in or exclude competitors from the relevant market (S.V. 16, 17, 18, 19).

16. The York Hospital unreasonably exercised the power either to control prices in or exclude competitors from the relevant market to exclude Plaintiff Weiss from York Hospital Staff privileges and thereby caused injury to Plaintiff Weiss in his business or property (S.V. 20, 21, 22).

17. The York Hospital unreasonably exercised the power either to control prices in or exclude competitors from the relevant geographic market to exclude osteopathic physicians from the York Hospital Staff and thereby caused injury to members of the Plaintiff Class, other than Plaintiff Weiss, in their businesses or property (S.V. 23, 24, 25).

18. The York Hospital had the specific intent and purpose to acquire the power to control prices in or to exclude competitors from the relevant market (S.V. 26, 27).

19. No other Defendant had the intent or purpose referred to in the preceding paragraph (S.V. 26, 27).

20. The York Hospital did acts directed to accomplishing a monopoly in the relevant market (S.V. 28, 29).

21. No other Defendant did such acts referred to in the preceding paragraph (S.V. 28, 29).

22. The York Hospital had a dangerous probability of achieving monopoly power in the relevant product and geographic markets (S.V. 30, 31).

23. The conduct of the York Hospital referred to in the preceding paragraph caused injury to Plaintiff Weiss and members of the Plaintiff Class in their businesses or property (S.V. 32, 33).

24. No other Defendant had a dangerous probability of achieving monopoly power in the relevant market (S.V. 30, 31).

25. The York Hospital, Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., and Lois Kushner, M.D. conspired with other persons or entities to obtain the power to control prices and exclude competitors from the relevant market (S.V. 34, 35, 36).

26. Plaintiff Weiss and members of the Plaintiff class were injured in their businesses or property as a result of the conspiracy referred to in the preceding paragraph (S.V. 37, 38).

27. No other Defendant conspired to obtain the power either to control prices in or exclude competitors from the relevant market (S.V. 34, 35, 36).

28. The York Hospital, Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, and Lois Kushner, M.D. intentionally interferred, without proper cause, with Plaintiff Weiss's contracts with other persons thereby substantially causing injury to Plaintiff Weiss (S.V. 39, 40, 41).

29. The denial of hospital staff privileges to a physician or the revocation of such privileges is a serious adverse professional event which is likely to besmirch the professional reputation of such a physician.

30. The practices of the York Hospital, the York Hospital Medical and Dental

Staff, Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., and Lois Kushner, M.D. (hereinafter "these Defendants") which discriminated against osteopathic physicians threaten to result in the exclusion of osteopathic physicians in the York Medical Service Area from access to the services and facilities provided by York Hospital.

31. Discrimination by these Defendants against osteopathic physicians could reasonably be anticipated to cause osteopathic physicians to refrain from applying for staff privileges at the York Hospital.

32. Without staff privileges, a physician cannot admit, effectively follow, or treat patients at the York Hospital.

33. York Hospital has a number of unique services and facilities not available to patients and physicians at any other hospital within the York Medical Service Area.

34. As a result of York Hospital's possession of unique services and facilities, osteopathic physicians lacking staff privileges at York Hospital have been required, if they desired to have their patients treated locally, to refer their patients to allopathic physicians who are members of the York Hospital Medical and Dental Staff for treatment at York Hospital.

35. If osteopathic physicians were permitted access to the services and facilities of York Hospital by affording them staff privileges, and were permitted to admit, follow, and treat their patients at York Hospital, the osteopathic physicians would be less likely to lose patients to their allopathic competitors.

36. Since 1976, eight osteopathic physicians have applied for York Hospital staff privileges.

37. Of the eight osteopathic physicians who have applied for York Hospital Staff privileges, only one application, that of Plaintiff Weiss, has been rejected.

38. At the same time that the application of Plaintiff Weiss was rejected, the application of another osteopathic physician for York Hospital staff privileges was accepted.

39. Since the time that the application of Plaintiff Weiss was rejected, six other osteopathic physicians have applied for York Hospital staff privileges.

40. Of the eight osteopathic physicians who have applied for York Hospital staff privileges, six such applications have been accepted by the York Hospital Board of Directors, and such physicians are members of the York Hospital Medical and Dental staff and one is dormant awaiting supplementation by the applicant.

### III. Discussion.

Plaintiff Malcolm Weiss is an osteopathic physician who practices family medicine in York, Pennsylvania. In 1976, Weiss applied to the York Hospital for staff privileges. Weiss's application was denied by the York Hospital Board of Directors on June 30, 1977. Shortly thereafter, Weiss reactivated his application and was again denied staff privileges on March 13, 1979.

In this lawsuit, Weiss challenges the Defendants' alleged abuse of monopoly power in the delivery of inpatient hospital health care services in the York Medical Service Area to the detriment of osteopathic physicians. During this lawsuit, the Defendants have vigorously asserted that the denial of Weiss's application for staff privileges was not taken as a result of or in consideration of Weiss's status as an osteopathic physician.

After the trial of the liability phase of this action, the jury returned answers to 40 special verdict questions on September 1, 1982. Presently before the Court is the request of Weiss and the Plaintiff Class for equitable relief.

■ Pursuant to § 16 of the Clayton Act, 15 U.S.C. § 26,

Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damages by a violation of the antitrust laws . . . when and under the same conditions and principles as injunctive relief against

threatened conduct that will cause loss or damages granted by courts of equity, under the rules governing such proceedings. . . .

Thus, before Plaintiff Weiss and the Plaintiff Class are entitled to equitable relief under the antitrust laws, they must show first, that the Defendants violated the antitrust laws and injured the Plaintiff or Plaintiff Class thereby and second, that the injuries to the Plaintiff and Plaintiff Class are of a type appropriately subject to equitable relief. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 129–33, 89 S.Ct. 1562, 1579–1581, 23 L.Ed.2d 129 (1969). *Cf. Hawaii v. Standard Oil Co. of California,* 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); *Midwest Paper Products Co. v. Continental Group,* 596 F.2d 573 (3d Cir. 1979).

The parties and the Court are in agreement that they are entitled to a jury determination of the factual issues involved in the claims of Weiss and the Plaintiff class. *E.g. Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963) (per curiam). The parties and the Court are further in agreement that the jury's findings are binding on the Court with respect to the Court's determination of entitlement to equitable relief. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *G.T.E. Sylvania, Inc. v. Continental TV, Inc.,* 537 F.2d 980, 986–7 (9th Cir. 1976) (en banc), *aff'd* 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977).

### A. Violations of the Sherman Act.

The Court must determine whether the jury's findings of fact satisfy the first prerequisite to equitable relief, namely whether or not there was a violation of the antitrust laws and Plaintiff Weiss and the Plaintiff Class were injured thereby. In this lawsuit, Plaintiff Weiss and the Plaintiff Class contend that the Defendants violated the antitrust laws in four particulars. Plaintiff Weiss and the Plaintiff Class each argue that the Defendants conspired to exclude them from staff privileges at York Hospital in violation of Section 1 of the Sherman Act; and monopolized, attempted to monopolize, and conspired to monopolize unreasonably to exclude Plaintiff Weiss and the Plaintiff Class from staff privileges at York Hospital in violation of Section 2 of the Sherman Act.

1. Conspiracy to Exclude Plaintiff Weiss and the Plaintiff Class.

 Section 1 of the Sherman Act makes illegal "Every contract, combination . . . or conspiracy in restraint of trade or commerce among several states . . ." 15 U.S.C. § 1. In order to establish a Section 1 violation, the Plaintiff or Plaintiff Class must establish (1) a conspiracy among the Defendants and other alleged co-conspirators, (2) which results in an unlawful and unreasonable restraint upon interstate commerce, and (3) which causes injury to the Plaintiff or Plaintiff class in their businesses or property.

With respect to Plaintiff Weiss's individual claim of conspiracy to deny him staff privileges at the York Hospital, the jury found that such a conspiracy existed. However, the jury found that such a conspiracy did not constitute an unreasonable restraint upon interstate commerce. Despite the findings of the jury, Plaintiff Weiss now argues that the aforementioned conspiracy constitutes a per se unreasonable restraint upon interstate commerce. Therefore, Weiss argues, the jury's answer to Special Verdict Question No. 8 should be disregarded and the Court should find as a matter of law that the Defendants conspired in violation of the Sherman Act. Since Plaintiff Weiss has otherwise established liability of the York Hospital and the York Hospital Medical and Dental Staff to him under the antitrust laws, the Court need not decide at this time whether the conspiracy to deny Plaintiff Weiss staff privileges at the York Hospital is in violation of the Sherman Act.

 In contrast to the individual claim of Plaintiff Weiss, the jury found with respect to the claim of the Plaintiff Class both that there was a conspiracy to deny or impede reasonable, fair, equal, or full access to

staff privileges at the York Hospital by osteopathic physicians other than Plaintiff Weiss and that this conspiracy constituted an unreasonable restraint upon interstate commerce. The jury further found that the York Hospital Medical and Dental Staff was involved in that conspiracy and that the conspiracy caused injury to members of the Plaintiff class other than Plaintiff Weiss in their businesses or property. Since all of the elements of a violation of Section 1 of the Sherman Act were found by the jury, this Court concludes as a matter of law that the York Hospital Medical and Dental Staff violated Section 1 of the Sherman Act and thereby injured members of the Plaintiff class.

2. Monopoly Claims of Plaintiff Weiss and the Plaintiff Class.

Section 2 of the Sherman Act provides in pertinent part that "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize, any part of the trade or commerce among the several States..." violates the Sherman Act. 15 U.S.C. § 2.

(a) Monopolization Claims.

■ The offense of monopolization is established if (1) relevant product and geographic markets have been established, (2) the Defendants had the power to control prices in or exclude competitors from the relevant market, (3) the Defendants unreasonably used such power to exclude Plaintiff Weiss or the Plaintiff Class from York Hospital staff privileges, and (4) Plaintiff Weiss or the Plaintiff Class were injured in their businesses or property as a result of the Defendants' conduct.

■ The jury unanimously found that a relevant product market for the provision of inpatient hospital health care services supplied by hospitals and their medical staffs and a relevant geographic market for the provision of those services had been established. The jury further found that the York Hospital had the power both to control prices in and exclude competitors from the relevant market. The jury found that the York Hospital exercised such mo-

nopoly power unreasonably to exclude both Plaintiff Weiss and the Plaintiff Class from York Hospital staff privileges and that both Plaintiff Weiss and Plaintiff Class were injured in their businesses or property as a result of the conduct of the York Hospital. Thus, the jury found all the facts necessary to support the legal conclusion that the York Hospital violated Section 2 of the Sherman Act by monopolizing to exclude Plaintiff Weiss and the Plaintiff Class from staff privileges at York Hospital.

The jury also found that individual defendants Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., and Lois Kushner, M.D., acted unreasonably to exclude Plaintiff Weiss and the Plaintiff Class from York Hospital staff privileges and thereby injured Plaintiff Weiss and the Plaintiff Class. However, the jury did not find that these individual Defendants had either the power to control prices in or exclude competitors from the relevant market. Thus, these individual Defendants did not violate Section 2 of the Sherman Act with respect to the offense of monopolization. 15 U.S.C. § 2.

■ The jury also found that the York Hospital Medical and Dental Staff had the power to control prices in the relevant market. However, since the jury did not find that the York Hospital Medical and Dental Staff used that power unreasonably to exclude either Plaintiff Weiss or the Plaintiff class from York Hospital staff privileges, the York Hospital Medical and Dental staff did not violate Section 2 of the Sherman Act with respect to the offense of monopolization. 15 U.S.C. § 2.

(b) Claims of Attempt to Monopolize.

■ The offense of attempted monopolization is established if the Defendants had a specific intent to monopolize, did overt acts in furtherance of that intent, and had a dangerous probability of achieving monopolization of a particular product and geographic market. *Morning Pioneer, Inc. v. Bismarck Tribune Co.,* 493 F.2d 383, 386 (8th Cir. 1974); *Structure Probe, Inc. v.*

*Franklin Institute,* 450 F.Supp. 1272, 1281–82 (E.D.Pa.1978), aff'd, 595 F.2d 1214 (3d Cir. 1979) (memorandum).

■ With respect to the contentions of Plaintiff Weiss and the Plaintiff Class that the Defendants violated. Section 2 of the Sherman Act by committing the offense of attempted monopolization, the jury found that the York Hospital had the specific intent to acquire the power to control prices in or exclude competitors from the relevant markets, did acts directed to accomplishing monopoly power in the relevant market, and had a dangerous probability of achieving monopoly power in the relevant market. Furthermore, the jury found that both Plaintiff Weiss and the Plaintiff Class were injured as a result of the Defendants' attempted monopolization. Consistent with the jury's findings, as a matter of law this Court concludes that the York Hospital violated Section 2 of the Sherman Act with respect to the offense of attempted monopolization.

(c) Claims of Conspiracy to Monopolize.

■ Under Section 2 of the Sherman Act, a conspiracy to monopolize is also outlawed. To establish a conspiracy to monopolize in violation of the Sherman Act, Plaintiff Weiss or the Plaintiff Class must establish (1) that the Defendants conspired to obtain the power to control prices in or exclude competitors from the relevant market; (2) that there was a specific intent to monopolize, *e.g. V. & L. Cicione, Inc. v. C. Schmidt & Sons, Inc.,* 403 F.Supp. 643, 651 (E.D.Pa.1975); *United States v. Jerrold Electronics Corp.,* 187 F.Supp. 545, 567 (E.D.Pa.1960), *aff'd,* 365 U.S. 567, 81 S.Ct. 755, 5 L.Ed.2d 806 (1961) (memorandum); *United States v. Consolidated Laundries Corp.,* 291 F.2d 563, 573 (2d Cir. 1961) ("... the essential element is ... the specific intent to monopolize...."); and (3) that overt acts were performed by a party to the conspiracy and in furtherance thereof.

■ With respect to the claims of Plaintiff Weiss and the Plaintiff Class that the Defendants violated Section 2 of the Sherman Act by conspiring to monopolize, the jury found that the York Hospital conspired with other persons or entities to obtain the power to control prices in or exclude competitors from the relevant market. The York Hospital was also found to have done overt acts directed to accomplishing the monopoly power in the relevant market and to have had the specific intent and purpose to acquire the power to control prices in or exclude competitors from the relevant market. The jury further found that both Plaintiff Weiss and the Plaintiff class were injured in their businesses or property by such a conspiracy. Thus, the Court concludes as a matter of law that the York Hospital violated Section 2 of the Sherman Act with respect to the offense of conspiracy to monopolize.

■ The jury also found that individual Defendants Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., and Lois Kushner, M.D. conspired to obtain the power to exclude competitors from or control prices in the relevant market. While the specific intent to monopolize is an essential element of a claim of a conspiracy to monopolize, *V. & L. Cicione, Inc. v. C. Schmidt & Sons, Inc.,* 403 F.Supp. 643, 651 (E.D.Pa. 1975), the jury made no finding that these individual Defendants had such specific intent to monopolize. Nonetheless, Plaintiff Weiss and the Plaintiff Class argue that the jury's finding that these individual Defendants conspired to monopolize, when interpreted in light of the Court's charge to the jury, must constitute a conclusion that these individual Defendants conspired to monopolize in violation of Section 2 of the Sherman Act. This Court does not agree. The jury's findings of fact expressly indicate that the individual Defendants did *not* have the specific intent or purpose to acquire either the power to control prices in or to exclude competitors from the relevant product and geographic markets. *See* Jury's Answers to Special Verdict Questions Nos. 26, 27. Thus, these individual Defendants may not be held to have violated Section 2 of the Sherman Act with respect to the offense of conspiracy to monopolize.

3. Summary of Jury's Findings Regarding Violations by the Defendants of the Sherman Act.

The York Hospital Medical and Dental Staff violated Section 1 of the Sherman Act with respect to the Plaintiff Class. The York Hospital violated Section 2 of the Sherman Act with respect to Plaintiff Weiss and the Plaintiff Class. Thus, Plaintiff Weiss and the Plaintiff Class have satisfied the first prerequisite to equitable relief.

B. Propriety of Equitable Relief.

Having established that the antitrust laws have been violated by York Hospital and the York Hospital Medical and Dental Staff, the only remaining question to be addressed by the Court is whether these violations of the antitrust laws have caused "threatened loss or harm" of a type which would warrant the entry of an injunction by the Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 129, 131, 89 S.Ct. 1562, 1579, 1580, 23 L.Ed.2d 129 (1969). Quite clearly, the burden is upon Plaintiff Weiss and the Plaintiff Class to establish that equitable relief is appropriate in this lawsuit. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953).

In addition to serving the purpose of relief to a private Plaintiff, *e.g. United States v. Borden,* 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903 (1954), the purpose of injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26 is to ensure enforcement of the antitrust laws. *Zenith Radio,* 395 U.S. at 131, 89 S.Ct. at 1580. Thus, the Supreme Court has admonished that

Section 16 should be construed and applied with this purpose [of enforcing the antitrust laws] in mind, and with the knowledge that the remedy it affords, like other equitable remedies, is flexible and capable of nice "adjustment and reconciliation between the public interest and private needs as well as between competing private claims...." Its availability should be "conditioned by the necessities of the public interest which Congress has sought to protect." *Zenith Radio,* 395 U.S. at 131, 89 S.Ct. at 1580, *quoting Hecht Co. v. Bowles,* 321 U.S. 321, 329–30, 64 S.Ct. 587, 592, 88 L.Ed. 754 (1944).

The language of Section 16 of the Clayton Act provides that injunctive relief is available "under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage as granted by courts of equity." 15 U.S.C. § 26. Despite the arguments of Plaintiff Weiss and the Plaintiff Class to the contrary, this Court is convinced that equitable relief under Section 16 of the Clayton Act may be granted only where there is no adequate remedy at law. *Goadby v. Philadelphia Electric Co.,* 639 F.2d 117 (3d Cir. 1981); *Leasco Corp. v. Taussig,* 473 F.2d 777 (2d Cir. 1972). Plaintiff Weiss and the Plaintiff Class refer to the opinion of the Court of Appeals of this Circuit in *Mid-West Paper Products Co. v. Continental Group,* 596 F.2d 573 (3d Cir. 1979) in support of the proposition that availability of a damages remedy is irrelevant to the question of equitable relief under the Clayton Act. This citation is inappropriate, unpersuasive, and irrelevant on this point. Plaintiffs argue that because irreparable injury need not be shown for equitable relief, *Mid-West Paper,* 596 F.2d at 594 n. 85; *Zenith Radio,* 395 U.S. at 130, 131, 89 S.Ct. at 1579, 1580, availability of a damages remedy does not preclude equitable relief. The concept of irreparable injury is not equivalent to the concept of adequacy of legal remedies. *E.g. Baldwin Metals Co., Inc. v. Donovan,* 642 F.2d 768 (5th Cir. 1981) (both irreparable injury and no adequate legal remedy must normally be shown). *Cf. Reed Enterprises v. Corcoran,* 354 F.2d 519 (D.C.Cir.1965). While inquiry into the existence of irreparable injury is related to a request for a permanent injunction, it is not determinative of the issue.

While Plaintiff Weiss must bear the heavy burden of demonstrating that there is no adequate remedy at law for violations by the York Hospital and the York Hospital Medical and Dental Staff of

the antitrust laws, *e.g. United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), this Court is convinced that this burden has been met. In particular, the jury in this case found not only that the York Hospital and the York Hospital Medical and Dental Staff violated the antitrust laws but that their conduct had a "not insubstantial" effect on interstate commerce. The jury has not explicitly found that in addition to injury to Plaintiff Weiss and the Plaintiff Class, the public consumers of medical care in the York Medical Service Area and in particular of inpatient hospital health care services have been injured by the conduct of the York Hospital and the York Hospital Medical and Dental Staff. However, such a factual conclusion is a reasonable inference which may be drawn from the jury's findings. Even assuming that a monetary award might constitute an adequate legal remedy to Plaintiff Weiss and members of the Plaintiff Class injury to the public resulting from the intangible effect the conduct of the York Hospital and the York Hospital Medical and Dental Staff has had on a free and open economy will not be remedied absent injunctive relief.

 Furthermore, it is quite obvious that the injury to Plaintiff Weiss and the Plaintiff Class will not fully be remedied absent equitable relief. Likely, injury to Plaintiff Weiss and members of the Plaintiff Class resulting from their past exclusion from staff privileges at the York Hospital could be remedied by a monetary award of damages. However, absent an injunction, there is no guarantee that the injuries by the York Hospital and the York Hospital Medical and Dental Staff will abate. Thus, there is threatened future harm absent issuance of an injunction. *E.g. United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); *Mid-West Paper,* 596 F.2d at 594 n. 85 (3d Cir. 1979) (Plaintiff "must establish 'a significant threat of injury'"). The York Hospital and the York Hospital Medical and Dental Staff would have this Court conclude that since no osteopath other than Plaintiff Weiss has had his application for staff privileges at the York Hospital rejected an injunction is unnecessary because there is no threat of future violation. *See* Finding of Fact ¶¶ 36, 37, 38, 39, 40. Nonetheless, this Court is of the opinion that members of the Plaintiff Class were dissuaded from applying for staff privileges at the York Hospital based on a belief that their applications for staff privileges would not fairly be treated and that they would be denied access to those staff privileges because they were not allopathic physicians. Given the facts found by the jury and this Court's finding that denial of staff privileges is a significant adverse professional event for a physician, this collective belief of the Plaintiff Class was reasonable under the circumstances. Because there is a substantial threat of injury to members of the Plaintiff Class from violations of the antitrust laws by the York Hospital and the York Hospital Medical and Dental Staff and because those violations by the Defendants are likely to continue or recur absent issuance of equitable relief, *Mid-West Paper,* 596 F.2d at 591 (3d Cir. 1979), an injunction is appropriate in this situation.

### C. Proposed Equitable Relief.

On September 14, 1982, Plaintiff Weiss and the Plaintiff Class submitted a proposed equitable order for consideration by the Court. The proposed equitable relief is far-reaching and comprehensive in scope. The proposal for relief requests that an injunction be issued against the York Hospital and the York Hospital Medical and Dental Staff, as well as individual Defendants Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D., and Lois Kushner, M.D. Inasmuch as it is the opinion of this Court that findings of the jury are to the effect that the individual Defendants did not violate the antitrust laws, equitable relief against them is improper. With respect to the York Hospital and the York Hospital Medical Staff, Plaintiff Weiss and the Plaintiff Class request first, that the York Hospital and the York Hospital Medical and Dental Staff be restrained and enjoined from undertaking any overt act

against members of the Plaintiff Class or Plaintiff Weiss which would in any way impede or deny Plaintiff Weiss or members of the Plaintiff Class fair, reasonable or equal access to the facilities of York Hospital. In this regard, the Plaintiffs request that applications of osteopathic physicians be subject to the same standard of review as applications of allopathic physicians. Furthermore, the Plaintiffs request that "personality and other criteria lacking professional basis or justification shall not be considered in review of osteopathic physicians' applications . . ." (Proposed Order ¶ 4.1). Second, the Plaintiff's request that the York Hospital and the York Hospital Medical and Dental Staff be restrained and enjoined from undertaking any overt act against the Plaintiff Class or Plaintiff Weiss which disparages the medical abilities of osteopathic physicians (Proposed Order ¶ 4.2). Third, the Plaintiff's request that the individual Defendants be restrained from participating in the process of review and judgment of applications for staff privileges for a period of 10 years (Proposed Order ¶ 4.3). Fourth, the Plaintiffs request that in order to remedy past unlawful practices, action be taken by the York Hospital and the York Hospital Medical and Dental Staff to advertise the results of this lawsuit and to invite osteopathic physicians to apply for staff privileges at York Hospital (Proposed order ¶ 4.4). Fifth, the Plaintiffs request that Plaintiff Weiss be granted staff privileges at York Hospital at the level of "active staff of the Family Practice Department" and that no action be taken to strip Plaintiff Weiss of those staff privileges without prior approval of this Court (Proposed Order ¶ 4.5). Sixth, the Plaintiffs request a statement by the Court that any retaliation for the filing of or participation in this lawsuit by any of the Defendants against Plaintiff Weiss or Plaintiff Class be declared illegal (Proposed Order ¶ 4.6). Seventh, the Plaintiffs request that the By-Laws of the Medical Staff of York Hospital be amended and that the individual Defendants be specifically ordered to abide by the amended by-laws. In particular, the Plaintiffs request that language be added to the by-laws to the effect that "no physicians may be denied staff privileges or have their privileges curtailed or removed [at the York Hospital] as a consequence of possessing or obtaining staff privileges at Memorial Osteopathic Hospital . . ."; that applicants for staff privileges be informed of unfavorable action taken by the Credentials or Executive Committee within 10 days after such action is taken; that osteopathic physicians who are dissatisfied with any decision of the Board of Directors of the York Hospital have special rights to seek review of those decisions; that osteopathic physicians applying for a change in staff status at York Hospital not be required to obtain a letter of recommendation from the Department Chairman; that temporary staff privileges at York Hospital be granted to osteopathic physicians on the same basis as other physicians; that when evaluating an application for reappointment to staff privileges, the York Hospital committees not consider the applicant's ethics and conduct, cooperation with hospital personnel, relations with other practitioners, and general attitude toward patients, the hospital, and the public; that a special appeals mechanism for review of suspension, revocation, or denial of an application for staff privileges of osteopathic physicians be created; that references to "American Boards of Medical Specialties" be modified so that these references not exclude osteopathic boards of medical specialties; that the compositions of the various committees at the York Hospital be modified to include full representation by osteopathic physicians; and that meetings of the Medical Staff at the York Hospital not be scheduled to conflict with meetings of the Medical Staff of Memorial Osteopathic Hospital (Proposed Order ¶ 4.7). Eighth, the Plaintiffs request that each member of the York Hospital Medical and Dental Staff be required to receive a copy of the equitable order in this case and be required to sign his agreement to abide thereby (Proposed Order ¶ 4.8). The Plaintiffs further request, ninth, that notice be given to the Plaintiff Class of this Court's Order, (Proposed Order ¶ 5), tenth, that counsel for the Plaintiff Class be granted

leave to file a request for attorney's fees and costs, (Proposed Order ¶ 6), and, eleventh, that this Court retain jurisdiction over the matter to enforce this Court's Order (Proposed Order ¶ 7).

In the view of the undersigned, the provisions of the proposed order go far beyond any equitable relief which is justified in this lawsuit. Some of the requested relief is simply inappropriate because the parties against whom that relief is requested have been found by the Court not to have violated the antitrust laws. Some of the relief such as amendments to the By-Laws of the York Hospital Medical Staff are grossly intrusive upon the autonomy of that body and are unjustified under the circumstances. Further, this Court is of the opinion that it has neither the technical expertise nor appropriate guidance from the parties to consider modifications of the by-laws as proposed by Plaintiff Weiss and the Plaintiff Class. In the view of this Court, the proposed amendments to the By-Laws of the York Hospital Medical Staff go far beyond any discrimination which existed in this case. Furthermore, the kind of "affirmative action" which Plaintiff Weiss and the Plaintiff Class request would be appropriate only were there evidence of invidious discrimination. No such evidence has been presented. Indeed, the only evidence of any impropriety with respect to the By-Laws of the York Hospital Medical Staff relates to the requirement for staff members that they be certified by an appropriate "American Board of Medical Specialties." Were it the case that the interpretation proposed by Plaintiff Weiss and the Plaintiff Class that the foregoing phrase refers only to allopathic boards of specialties and excludes osteopathic boards of specialties, the Court would be inclined to modify this phrase. However, the Court is of the opinion that the phrase is, at worst, ambiguous. Thus, rather than ordering that the by-laws be amended, the Court will direct that the phrase "American Board of Medical Specialties" be interpreted to include both allopathic and osteopathic boards of medical specialties.

 Furthermore, a portion of the proposed relief appears to be particularly inappropriate. In particular, individual members of the York Hospital Medical and Dental Staff would be required under the proposed order to acknowledge receipt of the Court's order and to agree to be bound thereby. No authority is stated for the proposition that this Court can bind persons who are not parties to this lawsuit in the situation where those non-parties are not acting in concert with parties to this lawsuit. Indeed, the Court doubts such authority exists. F.R.Civ.P. 65(d). *See, e.g., Backo v. Local 281,* 438 F.2d 176 (2d Cir. 1970), *cert. denied,* 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971); *Lankford v. Gelston,* 364 F.2d 197 (4th Cir. 1966); *Le Tourneau v. N. L. R. B.,* 150 F.2d 1012 (5th Cir. 1945). With respect to the request of the Plaintiffs that they be granted leave to file a request for attorney's fees and costs, the Court considers that there is no need for the grant of such authority. Finally, the Plaintiffs' request that Plaintiff Weiss be placed on the active staff of the Family Practice Department of the York Hospital is unjustified. Plaintiff Weiss has established to the satisfaction of this Court and the jury only that he was discriminated against because he was an osteopath. While the jury found that but for the fact that Plaintiff Weiss was an osteopathic physician, he would have been admitted to staff privileges at the York Hospital, such a finding of fact does not, alone, entitle Plaintiff Weiss to equitable relief beyond that given to the Plaintiff Class.

Although the broad requested relief is not appropriate, more modest injunctive relief will be ordered.

### IV. Conclusions of Law.

1. The York Hospital Medical and Dental Staff conspired to deny or impede reasonable, fair, equal, or full access to staff privileges at York Hospital by osteopathic physicians, in violation of Section 1 of the Sherman Act.

2. The York Hospital committed the offense of monopolization in violation of Section 2 of the Sherman Act unreasonably to

exclude both Plaintiff Weiss and the Plaintiff Class from York Hospital Staff privileges.

3. The York Hospital committed the offense of attempt to monopolize in violation of Section 2 of the Sherman Act by attempting to acquire the power to control prices in or exclude competitors from the relevant market resulting in injury to Plaintiff Weiss and the Plaintiff Class.

4. The York Hospital committed the offense of conspiracy to monopolize in violation of Section 2 of the Sherman Act by conspiring with others to obtain the power to control prices in or exclude competitors from the relevant market, resulting in injury to Plaintiff Weiss and the Plaintiff Class.

5. The individual Defendants have not violated the antitrust laws.

6. There is a significant threat of injury to Plaintiff Weiss and the Plaintiff Class from violations by the York Hospital and the York Hospital Medical and Dental Staff of the antitrust laws and such violations are likely to continue or recur.

7. Both Plaintiff Weiss and the Plaintiff Class have no adequate remedy at law for the violations by the York Hospital and the York Hospital Medical and Dental Staff of the antitrust laws.

8. Equitable relief for Plaintiff Weiss and the Plaintiff Class is necessary.

An appropriate order will be entered.

### ORDER

1. Pursuant to the Court's authority under 15 U.S.C. § 26, this Court hereby declares that the following equitable relief shall be entered against Defendants York Hospital and York Hospital Medical and Dental Staff:

1.1 The York Hospital and the York Hospital Medical and Dental Staff are restrained and enjoined from undertaking any overt act against either Plaintiff Weiss or members of the Plaintiff Class which would in any way impede or deny the Plaintiffs full, reasonable, fair, or equal access to the facilities of York Hospital and full, reasonable, fair or equal access to staff privileges at the York Hospital.

1.2 The York Hospital and the York Hospital Medical and Dental Staff are restrained and enjoined from applying standards of review to applications by osteopathic physicians for staff privileges at the York Hospital different from the standards of review applicable to similar applications of allopathic physicians.

1.3 The York Hospital and the York Hospital Medical and Dental staff are restrained and enjoined from interpreting the expression "American Board of Medical Specialty" as used in the York Hospital Medical Staff By-Laws to exclude osteopathic boards of medical specialty.

2. Members of the Plaintiff Class shall, within 30 days after the date of this order, be notified by the attorneys for the Plaintiff Class by certified mail, return receipt requested, of the finding of liability against the York Hospital and the York Hospital Medical and Dental Staff of the terms of this order, and of the right of members of the Plaintiff Class to claim damages and the necessity of sending a claim form to the Clerk of Court. The notice shall read as follows:

In *Weiss vs. York Hospital, et al.,* Civil No. 80–0134 (M.D.Pa. September 30, 1982), Plaintiff Weiss brought suit against the Defendants on behalf of himself and a class of osteopathic physicians in the York Medical Service Area, claiming that both Plaintiff Weiss and the Plaintiff Class had been excluded from staff privileges at the York Hospital and that such exclusion was illegal under the antitrust laws, 15 U.S.C. §§ 1, 2. A finding of liability has been entered on behalf of Plaintiff Weiss and on behalf of the Plaintiff Class. As a member of the Plaintiff Class, you are permitted to claim damages at a hearing to be held by this Court. If you wish to participate at that hearing and to claim damages, it is required that you complete the enclosed form and return it to the Clerk of Court. The enclosed form must be received by the Clerk of Court by November 30, 1982.

If the Clerk of Court does not receive the enclosed form, you will lose and waive any rights you may have to claim damages. Please return the form to:

Clerk
United States District Court
Middle District of Pennsylvania
United States Courthouse
Williamsport, Pennsylvania, 17701

You may be represented by an attorney of your choice in the damages phase of this proceeding. However, if you wish to be represented by your own counsel, you must so notify the Court in your notice of claim. Otherwise, you will be represented by Levin and Fishbein, 320 Walnut Street, Suite 600 Philadelphia, Pennsylvania, 19106 and Markowitz & Seidensticker, P. C., 55 South Queen Street, York, Pennsylvania, 17403.

3. The claim form to be distributed to members of the Plaintiff Class shall read as follows:

I, _____ (print full name) have been informed of my right to claim damages as a member of the class of osteopathic physicians in the action of *Weiss vs. York Hospital, et al.,* No. 80–0134 (M.D.Pa. and ___ will ___ will not (check one) present a claim. I ___ will ___ will not (check one) be represented by Markowitz & Seidensticker and Levin and Fishbein.

_____
Signature.

4. Jurisdiction is reserved to issue such further orders as may be advisable.

5. The Clerk of Court shall enter judgment on liability consistent with the jury's answers to the special verdict questions and this Court's opinion and order entered today.

6. The damages phase of this trial is hereby placed on the Court's February 1983 list for trial in Williamsport.

7. A settlement conference will be held in this case on January 3, 1983.

8. A pre-trial conference will be held in this case on February 2, 1983.

9. Jury selection will be held in this case commencing at 10:00 A. M. on February 3, 1983.

10. All discovery shall be completed by January 14, 1983.

JUDGMENT ON SPECIAL VERDICT

This action came on for trial before the Court and a jury, Honorable Malcolm Muir, District Judge, presiding, and the issues having been duly tried and the jury having rendered its special verdict,

IT IS ORDERED AND ADJUDGED that the York Hospital Medical and Dental Staff is liable to the Plaintiff Class for violations of Section 1 of the Sherman Act;

FURTHER, that the York Hospital is liable to Plaintiff Malcolm Weiss and the Plaintiff Class for violations of Section 2 of the Sherman Act;

FURTHER, that the York Hospital, Thomas L. Bauer, M.D., Ivan L. Butler, M.D., S. W. Deisher, M.D. and Lois Kushner, M.D., are liable to Plaintiff Malcolm Weiss for tortiously interfering with his contractual relations with third parties.

IT IS FURTHER ADJUDGED that Gary Ardison, M.D., Jack A. Kline, M.D., S. Philip Laucks, M.D., Harold H. MacDougall, M.D., Iain L. MacKenzie, M.D. and John P. Whiteley, M.D., are not liable to either Plaintiff Malcolm Weiss or the Plaintiff Class;

FURTHER, that as against the Defendants named in the preceding paragraph Plaintiff Malcolm Weiss and the Plaintiff Class shall take nothing and this action shall be dismissed as to the Defendants named in the preceding paragraph.