AMERICAN INS. CO. OF NEWARK, N. J.,
v. VANN.
No. 4754.

Circuit Court of Appeals, Fourth Circuit.
April 17, 1941.

Murray Allen, of Raleigh, N. C., for appellant.

J. R. Young, of Dunn, N. C., and Neill McK. Salmon, of Lillington, N. C., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal in an action to recover on a policy of fire insurance. The defense was fraud and false swearing with respect to the proofs of loss. The case was submitted to a jury under three issues, involving fraud, false swearing and damages, respectively, in accordance with the principles laid down by this court in Globe & Rutgers Fire Insurance Company v. Stallard, 4 Cir., 68 F.2d 237; and from verdict for plaintiff the defendant brings this appeal.

■ The principal contention of defendant is that verdict should have been directed in its favor. A study of the evidence convinces us, however, that the case was properly submitted to the jury. While there was evidence upon which a finding of fraud and false swearing would have been justified, there was evidence on the part of plaintiff justifying a finding to the contrary; and in such situation the case was clearly one for the jury. Globe & Rutgers Fire Ins. Co. v. Stallard, supra.

■ Defendant complains of the refusal of instructions to the effect that if the "Faircloth car", one of the automobiles covered by the proofs of loss, was not in the fire but in the possession of the witness Faircloth, the jury should answer in the affirmative the issues as to fraud and false swearing. The requested instructions, however, did not embrace the element of guilty knowledge; and the point to which they were addressed was adequately covered in the portion of the charge in which, after directing the attention of the jury to the defendant's contention with respect to the Faircloth car, the judge instructed them that "if the plaintiff swore falsely with respect to any item in the proof of loss submitted by him to the defendant, he could not recover in this case."

■■ Defendant complains of a charge to the effect that, if the Faircloth car was not in the fire, they should deduct its value in answering the issue of damages. This charge, however, was requested by defendant itself; and it cannot be heard to assign error with respect thereto. As directed to the issue of damages, it was a proper charge; and the jury had already been instructed on the other issues that fraud or false swearing as to any item embraced in the proofs of loss would defeat plaintiff's recovery.

■ Defendant excepted to a portion of the charge placing the burden upon it of establishing fraud under the first issue by evidence "strong, clear, cogent and convincing". Without passing upon the quantum of proof required to establish fraud in a case such as this, it is perfectly clear that any error in the charge with regard thereto must be treated as harmless. The same facts were relied upon to establish both fraud and false swearing; and on the second issue, which was directed to false swearing, the jury were instructed that the burden of proof was merely to establish the false swearing by a preponderance of the evidence. The fact that they answered this issue in favor of plaintiff shows conclusively that the error, if error it was, with respect to the quantum of proof re-

quired as to the first issue did not affect the result.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.