PERPETUAL REAL ESTATE
SERVICES, INC.,
Plaintiff,

v.

MICHAELSON PROPERTIES, INC., and
Aaron I. Michaelson, Defendants.

Civ. A. No. 90–1248–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 21, 1991.

Bradley Lewis Mirkin, Shaw, Pittman, Potts and Trowbridge, Washington, D.C., for plaintiff.

William Morton Wiltshire, Williams and Connolley, Washington, D.C., for defendants.

## ORDER

ELLIS, District Judge.

This diversity dispute was tried to a jury on May 14th, and 15th, 1991. Among the issues tried was whether the corporate veil of Michaelson Properties, Inc. ("MPI") should be pierced so as to impose personal liability on MPI's controlling individual, defendant Aaron Michaelson (Michaelson). The parties presented substantial conflicting evidence on this issue and the Court instructed the jury as follows:

> To establish that MPI was the alter ego or instrumentality of Michaelson, the plaintiff must show by a preponderance of the evidence the following elements:
>
> 1. the domination and control of the corporate entity by the individual defendant;
>
> 2. the disregard of the corporate form of MPI by the defendant Aaron I. Michaelson; and
>
> 3. the use of that domination and control by the defendant to perpetrate an injustice or fundamental unfairness with respect to plaintiff.

\* \* \* \* \* \*

> Thus, if you find that (1) the individual defendant controlled or dominated the defendant corporation, (2) that there are present factors from the list just stated indicating that the individual defendant disregarded the corporate defendant's form, and (3) that under all these circumstances an injustice or fundamental unfairness to the plaintiff would result if the corporate identity of Michaelson Properties is not pierced, you should find that Michaelson Properties was the alter ego or mere instrumentality of the individual defendant Aaron I. Michaelson.

On the question whether MPI was the stooge, alter ego, dummy or instrumentality of Michaelson, the jurors were instructed to consider the following factors:

> 1. an obvious inadequacy of capital, measured by the nature and magnitude of the corporate undertaking;
>
> 2. a failure to observe corporate formalities;
>
> 3. siphoning of funds of the corporation by the dominant stockholder;
>
> 4. the non-functioning of other officers and directors;
>
> 5. the non-payment of dividends;
>
> 6. the absence of corporate records; and
>
> 7. a promise by the individual defendant to pay debts or obligations to be incurred by the corporation.

After two days of trial the jury returned a verdict in favor of the plaintiff on this issue, specifically answering "Yes" to the following question:

> Was Michaelson Properties, Inc., ("MPI") the alter ego, stooge, dummy or instrumentality of Aaron I. Michaelson as defined by the instructions of this Court?

Defendant Michaelson has now moved for judgment notwithstanding the verdict or for new trial, arguing (1) that the corporate veil piercing claim should have been a question for the Court, not the jury, (2) that the jury was incorrectly instructed and, (3) that the jury verdict was unsupported by credible evidence and, in any event, was manifestly against the weight of the evidence. Each of these grounds is separately addressed.

### 1. *Piercing Veil Claim for Court*

■ Federal law, not state law, governs the right to a jury trial in diversity cases. *See Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963) ("in diversity ... the characterization of that state-created claim as legal or equitable for purpose of whether a right to jury trial is indicated must be made recourse to federal law"); *See also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2303 at 24 (1971) ("It is now clear that federal law determines whether there is a right to a jury trial in federal court and state law is wholly irrelevant"). Under federal law the right to trial by jury

in civil matters depends upon whether, consistent with the 7th Amendment, the rights sought to be enforced are legal or equitable in nature. See *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987); *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989); *In re Harbour,* 840 F.2d 1165, 1171–71 (4th Cir. 1988). Because piercing the veil is rooted in both law and equity, the right to trial by jury turns on the nature of the relief requested and the presence or absence of factual issues. *Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 138–39 (2d Cir.1991). And, where as here, the veil piercing issue turns chiefly on disputed fact questions and the relief sought consists of damages, it is, as most well-reasoned cases hold, an issue for the jury.[1] It follows, therefore, that the veil piercing issue was correctly submitted to the jury in the instant case.

### 2. Jury Instructions

Defendant contends that the jury instructions are infected with reversible error in four respects: (1) the failure to instruct the jury that veil piercing requires a finding that MPI was used to obscure or conceal a fraud or crime, (2) the failure to give the

jury a definition of the phrase, "injustice and fundamental unfairness" as used in the instructions, (3) that the corporation was Michaelson's instrumentality at the time of the alleged improper use of the corporation, and (4) the failure to instruct the jury that the burden of proof was clear and convincing evidence, not a preponderance of the evidence. All of these contentions fail.

� (1) Although timely made, the first objection misreads the governing Virginia law. *Cheatle v. Rudd's Swimming Pool Supply Co.,* 234 Va. 207, 360 S.E.2d 828 (1987) makes clear that Virginia's test for piercing the corporate veil requires that

> plaintiff must show that the corporate entity was the alter ego, alias, stooge, or dummy of the individuals sought to be charged personally and that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime.

360 S.E.2d at 831. This test is in the disjunctive; to pierce the veil, a plaintiff need only show that the corporate entity, as alter ego, dummy or stooge, was used (i) to disguise wrongs, (ii) to obscure fraud, or (iii) to conceal crime. Only one of these is required, not all three. Fraud and crime are sufficient, but not necessary predicates

---

1. See, e.g., *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131 (2d Cir.1991); *Bower v. Bunker Hill Co.,* 675 F.Supp. 1254 (E.D.Wash.1986), *American Protein Corp. v. A.B. Volvo,* 844 F.2d 56, 59 (2d Cir.) ("the issue of corporate disregard is generally submitted to the jury"), *cert. denied,* 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1379 (10th Cir.1980) (whether to disregard the corporate entity "is a fact question which should ordinarily be submitted to the jury"); *Key v. Liquid Energy Corp.,* 906 F.2d 500, 503 (10th Cir.1990) ("whether a separate corporate structure was adopted for the purpose of fraud or illegality is ordinarily a fact question for the jury"); *FMC Finance Corp. v. Murphree,* 632 F.2d 413, 421 n. 5 (5th Cir.1980) ("this Court holds that the issue of corporate entity disregard is one for the jury"); *Baker's Aid v. Hussmann Foodservice Co.,* 730 F.Supp. 1209, 1220 (E.D.N.Y.1990) ("[w]hether a parent's domination of its subsidiary is so complete that the legal faction of corporate separateness is to be ignored is normally a question for the jury"); *David v. Glemby*

*Co.,* 717 F.Supp. 162, 166 (S.D.N.Y.1989) ("[w]hile piercing the corporate veil is characterized as an equitable remedy, it rests on a factual inquiry; as a result 'the issue of corporate disregard is generally submitted to the jury'"); *Cantiere DiPortovenere Piesse, S.P.A. v. Kerwin,* 739 F.Supp. 231, 236 (E.D.Pa.1990) ("'the issue of corporate disregard is generally submitted to the jury'"); *Najran Co. v. Fleetwood Enters., Inc.,* 659 F.Supp. 1081, 1096 (S.D.Ga.1986) ("the alter ego inquiry is 'a fact question which should ordinarily be submitted to the jury' or decided after a full hearing"; (citations omitted)); *Kashfi v. Phibro–Salomon, Inc.,* 628 F.Supp. 727, 735 (S.D.N.Y.1986) ("the question of corporate control is a question of fact that should ordinarily be submitted to fact finder"); *Horowitz v. Schneider Nat'l, Inc.,* 708 F.Supp. 1579, 1583 (D.Wyo.1989) ("[p]laintiff also has a burden to demonstrate that the use of the corporate structures will result in fraud or illegal or inequitable conduct ... the Court recognizes that this usually raises a fact question for the jury").

for piercing the veil.[2] Hence, no error resulted from the omission of crime and fraud from the instructions at bar. It is enough that the jury was instructed that the veil could not be pierced absent a finding that MPI had been used to perpetrate an injustice or fundamental unfairness, that is to disguise a wrong. The adequacy of this instruction is the subject of the second objection, which is discussed next.

■ (2)–(4) Defendant's remaining attacks fail for untimeliness. Rule 51, Fed. R.Civ.P. makes clear that objections to jury instructions must state "distinctly the matter objected to and grounds of the objection" and must be made before the jury retires. Failure to do so results in waiver of the objection. *See Bailey v. Turner*, 736 F.2d 963, 972 (4th Cir.1984). Precisely this occurred here. Defendant's objection to the failure to define "injustice and fundamental unfairness" in the instructions was neither timely nor distinctly made.[3] The same is true for defendant's post-verdict objections on burden of proof[4] and the failure to instruct the jury on the necessity of finding that MPI was Michaelson's instrumentality when the corporation was misused.[5] All of these objections, then,

have been waived, even assuming, *arguendo*, their merit.

■ There are occasions, to be sure, when a new trial can be ordered even absent a timely and specific objection to a jury instruction. But this is a very narrow exception and should be invoked only "if the error of the trial judge resulted in a 'miscarriage of justice.'" *Barger v. Mayor & City Council of Baltimore*, 616 F.2d 730, 733 (4th Cir.1980), *quoting United States v. Board of Education of Mineral County*, 253 F.2d 760, 765 (4th Cir.1958). As the Court of Appeals noted in *Estate of Larkins v. Farrell Lines, Inc.*, 806 F.2d 510, 514 (4th Cir.1986), "[i]nstances of plain error must be rare and reserved for denials of fundamental justice." No such circumstances exist here.

### 3. *Judgment Notwithstanding the Verdict*

■ Only in narrow circumstances is a judgment notwithstanding the verdict appropriate. Specifically, a "verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so over-

---

2. A recent Virginia Circuit Court opinion supports this conclusion. *See Board of Directors of the Port Royal Condominium Unit Owners' Assoc. v. Crossland Savings, F.S.B., et al.*, Chancery No. 18453 (Alexandria Cir. June 5, 1991). There, the court held that a showing of fraud was not necessary for piercing the corporate veil of a shell corporation that had ignored its statutory warranty obligations under the Virginia Condominium Act, Va.Code § 55–79.79.

3. Waiver aside, however, this objection would still fail. The phrase "injustice and fundamental unfairness" is a correct and classic formulation of a valid prerequisite for piercing the veil. *See DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681 (4th Cir.1976); *See also Fletcher Cyclopedia of the Law of Private Corporations* § 41.30 at 663–64 (1990). Thus, using the corporate form, in the words of *Cheatle*, to "disguise a wrong" is essentially equivalent to using the corporate form to cause "injustice and fundamental unfairness." 360 S.E.2d at 831.

4. Significantly, defendant Michaelson's proposed jury instructions incorporated the preponderance of the evidence standard. He cannot

now be heard to complain that the court adopted a position he specifically advocated. This is an independent basis for rejecting this objection. *See American Insurance Co. v. Vann*, 118 F.2d 1004, 1008 (4th Cir.1941) ("this charge was requested by defendant itself; and it cannot be heard to assign error with respect thereto"); *see also* 9 Wright & Miller, *Federal Practice and Procedure* § 2558 at 675 (1971) (footnote omitted) ("A party who requests an instruction has invited any error in it and cannot complain if the instruction, or one substantially like it, is given."). Quite apart from this, defendant Michaelson cites no case from any jurisdiction imposing on plaintiff the burden of proving corporate veil piercing by clear and convincing evidence. At least one decision suggests the contrary. *See Cunningham v. Rendezvous, Inc.*, 699 F.2d 676 (4th Cir.1983).

5. The evidence presented at trial supported plaintiff's position that MPI was the alter ego, stooge, dummy or instrumentality of defendant Michaelson from its inception forward. No evidence was offered to contradict this. Thus, there was no evidentiary basis for an instruction of the sort now advocated by defendant, even assuming the point had been timely raised.

whelmingly so as to leave no room for doubt what the fact is." *Aetna Cas. & Sur. Co. v. Yeatts,* 122 F.2d 350, 354 (4th Cir.1941); *see also Jacobs v. College of William & Mary,* 517 F.Supp. 791, 794 (E.D.Va.1980), *aff'd mem.,* 661 F.2d 922 (4th Cir.), *cert. denied,* 454 U.S. 1033, 102 S.Ct. 572, 70 L.Ed.2d 477 (1981) ("[t]he test to be applied is that when 'the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict,' a court should set the verdict aside"). Moreover, "[a] jury verdict is to be viewed in the light most favorable to the party in whose favor it is found, and such party is entitled to the benefit of all inferences which the evidence fairly supports, even though contrary inferences might be drawn." *Jacobs v. College of William & Mary,* 517 F.Supp. at 794; *Duke v. Uniroyal, Inc.,* 928 F.2d 1413, 1417 (4th Cir.1991) ("[w]hen determining whether the evidence is sufficient to support the jury's verdict, the evidence must be reviewed in the light most favorable to plaintiffs, giving them the benefit of all inferences"). Given these standards, there is no basis for judgment notwithstanding the verdict or a new trial in this case. Ample credible record evidence supports each element of plaintiff's corporate veil piercing claim.[6]

Accordingly, defendant Michaelson's motion for judgment notwithstanding the verdict or, alternatively, for a new trial is hereby DENIED.

---

**6.** Specifically, the evidence presented tended to establish: (1) that Michaelson is and always has been the sole functioning shareholder, director, president and treasurer of MPI, *see Lewis Trucking Corp. v. Commonwealth,* 207 Va. 23, 147 S.E.2d 747 at 753 (1966) (Virginia courts view closely-held or one person corporations with some suspicion); (2) that MPI was inadequately capitalized to undertake a large-scale condominium conversion, because it was initially capitalized with only $1,000 and Aaron and Barbara Michaelson personally guaranteed over $2 million in loans made to MPI, *see DeWitt Truck Brokers v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 687 & n. 18 (loan guarantee by the individual defendant clearly indicated undercapitalization); (3) that corporate formalities were not observed; (4) that the dominant shareholder, Michaelson, siphoned corporate funds, *see West v. Costen,* 558 F.Supp. 564, 585 (W.D.Va.1983) (siphoning of corporate funds is a factor supporting a claim for piercing the corporate veil); (5) that the "corporate records" lacked any indication of payment of lawful dividends by MPI to Michaelson; (6) that Michaelson personally made multiple promises to pay the debts or obligations of MPI, including promises to allow plaintiff to cash three post-dated checks, and most significantly, repeated promises, which were never honored, to contribute to settlement of the lawsuit.