## SIMLER *v.* CONNER.

No. 59. Argued January 9–10, 1963.—Decided February 18, 1963.

*John B. Ogden* argued the cause and filed briefs for petitioner.

*Peyton Ford* argued the cause for respondent. With him on the brief was *Leslie L. Conner,* respondent, *pro se.*

Per Curiam.

This Court granted certiorari, 368 U. S. 966, to review the decision of the Court of Appeals for the Tenth Circuit, holding that in a diversity action in the Federal District Court, state law, here that of Oklahoma, governs in determining whether an action is "legal" or "equitable" for the purpose of deciding whether a claimant has a right to a jury trial. Applying Oklahoma law, the Court of Appeals decided that a jury trial, although asked for by petitioner, was not here appropriate. 295 F. 2d 534.

In this Court respondent frankly concedes that, contrary to the Court of Appeals holding, federal law governs in determining the right to a jury trial in the federal courts. Respondent seeks to sustain the result reached by the Court of Appeals, however, on the twin grounds

that, applying federal law, no jury was required in this case because (1) the District Court properly granted summary judgment for respondent under Rule 56 of the Federal Rules of Civil Procedure and (2) the present action is "equitable" and not "legal" in character.

We agree with respondent that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. *Parsons* v. *Bedford,* 3 Pet. 433, 446–449; *Scott* v. *Neely,* 140 U. S. 106; *Byrd* v. *Blue Ridge Rural Electric Cooperative, Inc.,* 356 U. S. 525, 537–539; *Beacon Theatres, Inc.,* v. *Westover,* 359 U. S. 500; *Dairy Queen, Inc.,* v. *Wood,* 369 U. S. 469. Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment* be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, *Erie R. Co.* v. *Tompkins,* 304 U. S. 64; see *Cities Service Oil Co.* v. *Dunlap,* 308 U. S. 208; *Palmer* v. *Hoffman,* 318 U. S. 109, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.

However, we do not agree with respondent that in this case a summary judgment was warranted or that this is an "equitable" action not requiring a jury trial.

In two appeals in this case, the Court of Appeals has ruled that in view of conflicting facts presented by affidavits and depositions to the District Court, summary judgment was not warranted. We accept and do not dis-

---

*"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U. S. Const., Amend. VII.

turb the ruling of the Court of Appeals on this phase of the case since it has ample support in the record.

On the question whether, as a matter of federal law, the instant action is legal or equitable, we conclude that it is "legal" in character. The record discloses that the controversy between petitioner and respondent in substance involves the amount of fees petitioner, a client, is obligated to pay respondent, his lawyer. Petitioner admits his obligation to pay a "reasonable" fee under a contingent fee retainer contract stipulating that reasonableness may be set in a court trial. Respondent relies on a subsequent contract specifying 50% of the recovery, under certain circumstances, as the amount of the fee. Petitioner counters that the latter contract is the product of fraud and overreaching by the lawyer.

The case was in its basic character a suit to determine and adjudicate the amount of fees owing to a lawyer by a client under a contingent fee retainer contract, a traditionally "legal" action. See *Trist* v. *Child,* 21 Wall. 441, 447; *Stanton* v. *Embrey,* 93 U. S. 548. The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested.

Accordingly, the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment and the judgment is reversed.

*Reversed.*