No. 332.   SOUTHERN RAILWAY Co. v. JACKSON.   C. A. 5th Cir.   Certiorari denied.   *Charles J. Bloch* for petitioner.   *T. J. Lewis* and *T. J. Lewis, Jr.* for respondent.

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS, dissenting.

Respondent Jackson brought a diversity action in the United States District Court for the Northern District of Georgia claiming damages from the railroad for personal injuries.   The trial judge charged the jury under the applicable Georgia comparative negligence statute * that if the plaintiff had been himself negligent, though less so than the defendant, his recovery "would be reduced in proportion to the amount of default attributable to him."   The jury returned a verdict of $2,500 although there had been medical expenses of $1,300, evidence of lost earnings of $12,000, and other damage alleged up to a total of $100,000.   Claiming that the instruction on comparative negligence was improper and accounted for the "grossly inadequate" award, plaintiff moved for a new trial.   The District Court denied the motion but the Court of Appeals reversed, holding that under either a federal or a state standard the evidence failed to show any negligence of the plaintiff.   In our judgment this reversal denied the railroad its right to a trial of the question by the jury in the United States District Court as guaranteed by the Seventh Amendment to the Constitution.   See *Simler* v. *Conner*, 372 U. S. 221.   Because of the importance of preserving this constitutional right we would grant certiorari and affirm the District Court's ruling on this issue.

No. 26, Misc.   BELLACH v. NEW YORK.   Court of Appeals of New York.   Certiorari denied.   Petitioner *pro se.* *Thomas R. Sullivan* for respondent.

*Georgia Code § 94–703.