Hillsborough,
No. 5369.

MANCHESTER *v.* SARA R. ANTON *& a.*

Argued September 9, 1965.
Decided October 29, 1965.

*J. Francis Roche,* city solicitor (by brief and orally), for the plaintiff.

*Bois & Laflamme* (*Mr. Maurice P. Bois* orally), for the defendants.

KENISON, C.J. Petitions for injunctions filed by the city of Manchester under RSA 249:19, 20 for the removal of certain obstructions and encroachments (stone walls and brick walls) alleged to be located and constructed by the defendants within the area of the highway as laid out by the plaintiff. The Court (*Keller,* J.) reserved and transferred without ruling the question whether the defendants are entitled to trial by court or by jury.

In pertinent part RSA 249:19 provides as follows: "If any building, structure or fence is erected or continued upon or over any highway . . . it shall be deemed a public nuisance." RSA 249:20 provides a penalty of not more than fifty dollars " . . . and the superior court may order such building, structure or fence to be removed, if it be found that the same does so obstruct or lessen the full breadth of the highway, or is dangerous to public travel thereon." The right to a jury trial in civil causes is guaranteed by Part I, Article 20th of our Constitution in the following language: "In all controversies concerning property — and in all suits between two or more persons, *except in cases in which it has been heretofore otherwise used and practiced* . . . the parties have a right to a trial by jury . . . ." (Emphasis supplied).

General propositions of law do not always solve concrete problems in litigation but they do serve as a starting point. "However 'for many years it has been well settled here that in equity there is no constitutional right to trial by jury.' *Dion* v. *Cheshire Mills,* 92 N. H. 414, 416. 'The nature of the case and of the relief sought must be looked to for the settlement of the constitutional question.' *Daley* v. *Kennett,* 75 N. H. 536, 540; *Employers Assurance Co.* v. *Tibbetts,* 96 N. H. 296; *Hampton* v. *Palmer,* 99 N. H. 143, 145." *Lakeman* v. *LaFrance,* 102 N. H. 300, 304. For more than two hundred and fifty years obstructions

and encroachments on public highways have been deemed public nuisances abatable in equity by injunction. *State* v. *Kean,* 69 N. H. 122, 126. The predecessor of RSA 249:19, 20 was first enacted in 1714 entitled, "An Act to Prevent Inchrachments upon High Wayes," 2 Laws of N. H. (province period) *pp.* 127-128.

In *McKinney* v. *Riley,* 105 N. H. 249, 254, it was held that the Superior Court could enjoin a public nuisance and in *Jaffrey* v. *Heffernan,* 105 N. H. 167, it was decided that equity could enforce a town setback ordinance by injunction in spite of the general proposition, frequently advanced, that equity will not restrain the commission of misdemeanors. Note, Developments in the Law — Injunctions, 78 Harv. L. Rev. 994, 1014-1015 (1965). *Cf. New Hampshire Board* v. *Company,* 90 N. H. 368. In *Nutter* v. *Pearl,* 71 N H. 247, 248, involving a private nuisance, appears the following statement relating to a public highway nuisance: "So far as public rights and proceedings are concerned, if an obstruction or encroachment is within the terms of the statute there need be no inquiry as to its actual character, location, or effect." See Rhyne, Municipal Law, *s.* 18-24 (1957).

The abatement of obstructions and encroachments on the highway, which by statute are declared to be public nuisances (RSA 249:19, 20), by an equity court sitting without a jury has been sustained in this jurisdiction for many years both before and since the adoption of our Constitution. 4 Pomeroy, Equity Jurisprudence, *s.* 1349 (5th *ed.* 1941). It would thus appear that these cases are within the exception in Part I, Article 20th of our Constitution which guarantees trial by jury "except in cases in which it has been heretofore otherwise used and practiced." Annot. 40 A.L.R. 1145, 1169; *State* v. *Saunders,* 66 N. H. 39, 89-90; deFuniak, Equitable Relief Against Nuisances, 38 Ky. L. J. 223 (1950); *State* v. *Griffin,* 69 N. H. 1, 27. See *King* v. *Association,* 100 N. H. 212, 218.

It may be argued that the teaching of *Beacon Theatres, Inc.* v. *Westover,* 359 U. S. 500, 509 and *Dairy Queen* v. *Wood,* 369 U. S. 469 indicates that a jury trial should be granted in doubtful cases, and that the states should follow "the federal policy favoring jury trials." *Simler* v. *Conner,* 372 U. S. 221, 222. See McGregor, Remedies in 1964 Annual Survey of American Law 313, 325 (1965). While these cases are not in any way factually related to the alleged nuisance in the instant case, it may be noted that this jurisdiction has not allowed forms of action or procedural tags to circumvent trial by jury. *Murphy*

*& Sons, Inc.* v. *Peters,* 95 N. H. 275; *Employers Assurance Co.* v. *Tibbetts,* 96 N. H. 296. Nevertheless we are not now persuaded that the federal policy, if applicable, has been expanded to include the right to a jury trial for the abatement of statutory public nuisances in highways. We conclude that the defendants in this case are not entitled to a jury trial as a matter of constitutional right. *State* v. *Saunders,* 66 N. H. 39, 90.

*Remanded.*

All concurred.