Antonios **CHATZICHARALAMBUS** et al., Plaintiffs,

v.

Allen **PETIT** et al., Defendants.

**Civ. A. No. 76–351.**

United States District Court, E. D. Louisiana.

Jan. 6, 1977.

Kevin C. Schoenberger, Gerald Wasserman, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for plaintiff.

Camp, Carmouche, Palmer, Carwile & Barsh, Robert P. Hogan, Metairie, La. and Norman J. Pitre, Asst. Dist. Atty., Luling, La., for defendants.

ALVIN B. RUBIN, District Judge.

The question presented by this motion is whether an alien, suing under the federal diversity-alienage jurisdiction, 28 U.S.C. § 1332(a)(2), is entitled to jury trial of a tort claim against a state sheriff's department, a state officer, his deputy, and their insurer.

On November 21, 1975, an automobile owned by the St. Charles Parish Sheriff's Department and operated by its deputy, Allen Petit, struck and killed a pedestrian, Kosmas Chatzicharalambus, who was a citizen of Greece. His Greek parents filed this tort action against Deputy Petit; Julius Sellers, Sheriff of the Parish of St. Charles; the St. Charles Parish Sheriff's Office;[1] and their liability insurer, Dixie Auto Insurance Company.

Defendants moved to strike plaintiffs' demand for trial by jury on the ground that LSA–R.S. 13:5105 provides, "No suit against the state or a state agency or a political subdivision shall be tried by jury."

Under LSA–R.S. 13:5105 the appropriate procedure when one defendant invokes his statutory right to a non-jury trial and the plaintiff has the right to a jury trial against the other defendants is to conduct one trial with the judge determining the issues relevant to the one defendant who invokes the statute and the jury deciding all others. *Champagne v. American Southern Insurance Co.,* La.1974, 295 So.2d 437. Hence if LSA–R.S. 13:5105 were applicable, the only defendant who might avoid a jury trial is former Sheriff Sellers.[2]

---

1. Since there appears to be no such legal entity as the Sheriff's Department, this appears to be a meaningless reference. Under the Louisiana Constitution, the Sheriff is an elected official. Art. V, § 27, Louisiana Constitution of 1974. The office he operates does not appear to be a separate entity.

2. The Deputy is being sued as a private individual for his own tort. As to the Sheriff's Department, see note 1, infra.

**419**

But Louisiana law does not govern the right to a jury trial when suit is filed in a federal court. Louisiana courts have expressly held that statutes concerning the right to a jury trial are procedural. *Carter v. City of New Orleans,* La.App. 4th Cir. 1976, 327 So.2d 488; *Pelloat v. Greater New Orleans Expressway Comm.,* La.App. 1st Cir. 1965, 175 So.2d 656. Accordingly, the law of the federal forum must govern. *Hanna v. Plumer,* 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8; *Sibbach v. Wilson & Co.,* 1941, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; *Monarch Ins. Co. v. Spach,* 5th Cir. 1960, 281 F.2d 401, 411.

The United States Supreme Court has held that the Seventh Amendment demands uniformity in its exercise; this can be achieved only "through a holding that the jury-trial right is to be determined according to federal law . . . ." *Simler v. Conner,* 1963, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691; *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. The right to a jury trial in tort actions brought in federal court is guaranteed by the Constitution. *U. S. v. Fotopulos,* 9th Cir. 1950, 180 F.2d 631.[3]

Accordingly, the motion to strike plaintiff's jury demand is DENIED.

---

**3.** It is therefore unnecessary to attempt to determine whether the sheriff is, or is not, a "state agency" within the meaning of the statute. Nor is it necessary to plumb the question of the applicability of the statute to a former sheriff, which Sellers has now become.