CHEVRON, U. S. A., INC.

v.

Albert C. OUBRE, Jr., et al.

Civ. A. No. 81–628–B.

United States District Court,
M. D. Louisiana.

March 17, 1982.

John C. Christian, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for plaintiff.

Dennis R. Whalen, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the plaintiff, Chevron, U. S. A., Inc., (Chevron), to strike the demand of the defendants for a jury trial. No oral argument is required on this motion. Chevron has filed this suit for a declaratory judgment that its oil, gas and mineral lease with the defendants has a primary term of ten years. The defendants have answered seeking a judgment holding that the primary term of the lease is five years. Additionally, the defendant, Margaret Raub Oubre, maintains that her interest in the property is unaffected by the lease. The defendants have also made demand for a jury trial.

Rule 38 of the Federal Rules of Civil Procedure provides in pertinent part:

### "JURY TRIAL OF RIGHT

(a) Right Preserved. The right to trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

An issue is triable by jury of right if it is legal in nature as opposed to equitable. *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), Vol. 9 *Wright and Miller, Federal Practice and Procedure* § 2302. An action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity. *Conklin v. Barfield*, 334 F.Supp. 475 (D.C.Mo.1971). In determining whether a claim for declaratory judgment involves a demand in law or equity, the Court must consider the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the declaratory judgment act. *Wallace v. Norman Industries, Inc.*, 467 F.2d 824 (5 Cir. 1972); *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Thus, each demand in this suit must be considered separately to determine whether it is a demand for legal or equitable relief. The plaintiffs seek to have the Court declare that they are owners of certain mineral rights for a specific period of time. A suit to establish the title to oil and gas under a lease is equitable and not subject to trial by jury. *Humble Oil and Refining Company v. Sun Oil Company*, 190 F.2d 191 (5 Cir. 1951), cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687 (1952). The defendants essentially seek to cancel the lease on their premises in whole or in part. An action to cancel a mineral lease is equitable in nature. *Nunez v. Superior Oil Company*, 572 F.2d 1119 (5 Cir. 1978). The claim by Mrs. Oubre that her husband had no authority to encumber her share of the mineral interests does not change the essential equitable nature of the action. Mrs. Oubre is seeking to cancel a mineral lease. A similar issue was presented to the court in *Fields v. Stanolind Oil and Gas Company*, 233 F.2d 625 (5 Cir. 1956). There a suit to quiet title to oil and gas interests was found to be an equitable one and secondary issue of a trustee's authority to grant a lease did not alter the nature of the action. Therefore, the Court find that this action is an equitable one and the defendants are therefore not entitled to a jury trial.

The Court must also note that the defendants have failed to file any opposition to this motion as required by the Local Rules of Court. Thus, the Court presumes that the defendants have no opposition to the motion.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Chevron, U.S.A., Inc., to strike the demand for a jury trial be and it is hereby GRANTED.