484 So.2d 275 (1986)
Charles A. BONNEAU, Jr., Plaintiff-Respondent,
v.
D. Frank BLALOCK, Jr. and Lurlyne McGehee Blalock, Defendants-Relators.
No. 85-1104.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Writ Denied May 12, 1986.
Bolen & Erwin, Ltd., James R. Bolen, and Gregory Erwin Alexandria, for defendants-relators.
Ellis G. Saybe, Alexandria, Antoon & Dalrymple, Joseph T. Dalrymple, Alexandria, for plaintiff-respondent.
Before FORET, STOKER and DOUCET, JJ.
STOKER, Judge.
We granted a writ in this case to consider the validity of the trial court's denial of a jury trial in a suit for specific performance of an obligation to sell real estate alleged to be contained in a lease agreement with option to buy. In reasons for judgment denying the jury trial the trial court stated:
"This is an action to compel defendants to sell certain property to petitioner in accordance with certain lease provisions. Defendants pray for a trial by jury. But, since this is a suit in equity, trial by jury is not available. The petition expressly prays for specific performance. Specific performance is essentially a mandatory injunction. Injunctive relief is an appeal to the equity jurisdiction of *276 the court. Clemmons v. Congress of Racial Equality, 201 F.Supp. 737 (E.D. La.1962). Injunction is an equitable remedy and there is, therefore, no right to trial by jury. Adams v. Fazzio Real Estate Co., 268 F.Supp. 630 (E.D.La. 1967), aff. 396 F.2d 146 [(5th Cir.1968)]. the [sic] Seventh Amendment guarantees a trial by jury only `in suits at common law.' `It is well settled that suits for an injunction are not suits at common law and are tried without a jury.' Adams, id., at 640, see, e.g. Simmler [sic] v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed [2d] 691 (1963). Therefore, petitioner's motion to strike defendants' prayer for jury is granted."
Preliminarily we observe that the Seventh Amendment of the Constitution of the United States is not applicable to state court proceedings. Foret v. Wilson, 463 So.2d 53 (La.App. 5th Cir.1985) and Minneapolis & St. L.R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916). The applicants' right to a jury trial is governed by Louisiana law. They have a right to a jury unless it is specifically prohibited. LSA-C.C.P. art. 1731. Exclusion of jury trials are provided in certain cases by LSA-C.C.P. art. 1732.
Injunction suits are among the types of cases in which jury trials are not allowed by Article 1732. The trial court reaches its conclusion by classifying plaintiff-applicant's action as a mandatory injunction, then placing the suit as an "injunction" within the conceptual category of a suit in equity recognized in some of our sister common law states, and finally holding that as a suit in equity a jury trial is not available. Applying these notions in Louisiana was error.
Under our civil law doctrine a suit for specific performance is a basic action provided in our Civil Code. LSA-C.C. art. 1986. While performance of obligations to do or not to do may in some instances be compelled through injunction, availability of injunctive procedure does not impress an action for specific performance as essentially an action for injunctive relief. The suit before us was brought as an ordinary proceeding. LSA-C.C.P. art. 851. Injunctive proceedings are special proceedings provided for in the Code of Civil Procedure, LSA-C.C.P. art. 3601, et seq. The plaintiff has not invoked the procedure provided for by Articles 3601 through 3613 of the Code of Civil Procedure. We think it is an injunction proceeding brought under these articles which is prohibited by Article 1732(3) of the Code of Civil Procedure.
In short, we think the trial court went outside the law of this civil law state and erred by applying concepts foreign to our law, particularly in characterizing demands brought through ordinary proceedings for specific performance as mandatory injunctions and holding that "[i]njunctive relief is an appeal to the equity jurisdiction of the court." The concept of equity as provided by Article 21 of the Louisiana Civil Code is not interchangeable with the concept of equity in common law jurisdictions. While we have no doubt imported some legal principles from the equity of common law jurisdictions as substantive law, we do not follow the peculiar procedural or adjectival concepts which go with that system known as equity in those states. See discussion in Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 544-545 (1918).
The case of J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896 (La. 1981) made it clear that specific performance may be enforced by procedural methods other than the extraordinary remedy of injunction.
The defendants filed an answer and reconventional demand in this case and demanded a jury trial on all issues. An order granting the jury trial was granted. Plaintiff then filed a motion to strike the jury trial demands from the pleadings. The trial court granted the motion to strike and assigned the reasons for judgment quoted above. The defendants are entitled to a jury trial as requested.
For the reasons set forth above the writ granted herein is made peremptory, the *277 motion to strike the jury trial is set aside and denied, and this case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
The costs of court connected with the motion to strike and the costs of this appeal are assessed to plaintiff.
WRIT MADE PEREMPTORY AND CASE REMANDED.