Sidney ABBOTT, Plaintiff,

v.

Randon BRAGDON, D.M.D., Defendant.

Civ. No. 94–0273–B.

United States District Court,
D. Maine.

April 17, 1995.

David G. Webbert, Law Offices of Philip Johnson, Augusta, ME, for plaintiff.

Charles E. Gilbert III, Gilbert Law Offices, P.A., John W. McCarthy, Rudman & Winchell, Bangor, ME, for defendant Randon Bragdon, D.M.D.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff Sidney Abbott alleges that Defendant Dr. Randon Bragdon violated the Americans with Disabilities Act ("ADA") and the Maine Human Rights Act ("MHRA") when he refused to provide her with dental services in his office upon discovering that she suffered from the Human Immunodeficiency Virus (HIV). (Pl.'s Am.Compl. ¶ 10.) At the

time, Dr. Bragdon offered to provide treatment to Ms. Abbott in a hospital, albeit at a higher cost. (*Id.* ¶ 12; Def.'s Answer ¶ 12.) The issue before the Court at this stage of the proceedings is whether Abbott's allegations are required to be heard by a jury pursuant to the Seventh Amendment to the U.S. Constitution.[1]

## I. Background

In his answer to Abbott's Amended Complaint, Dr. Bragdon demanded a jury trial. (Answer at 1.) Abbott moves to strike Dr. Bragdon's demand and argues that her claims are equitable in nature and only warrant a bench trial. Specifically, she asserts that relief sought under the ADA is solely equitable in that "the remedies and procedures available for enforcement are the same as those set forth in 42 U.S.C. § 2000a–3(a) ... It is well settled that there is no right to a jury trial under 42 U.S.C. § 2000a–3(a)." (Pl.'s Mem.Supp.Mot. Strike Def.'s Demand Jury Trial at 1 ("Pl.'s Mem.") (citation omitted).)

Dr. Bragdon responds that, notwithstanding Abbott's argument as to the ADA, it is her claim under the MHRA that warrants a jury trial. "Under the MHRA, civil penalties are available to private plaintiffs, and have been requested in this action." (Def.'s Mem. Opp'n Pl.'s Mot. at 4 (citing 5 M.R.S.A. § 4613(2)(B)(7).) According to Dr. Bragdon, Abbott's request for civil penalties implicates his Seventh Amendment right to a jury trial because her claim constitutes a claim for legal, rather than equitable relief. Abbott replies, however, that there is no jury trial right even as to her MHRA claims. (Pl.'s Reply at 1–2 (citing Def.'s Mem. Opp'n at 4). "As the Defendant concedes, 'the Maine Law Court has held as a matter of state law that there is no right to a jury trial under the MHRA.' ")[2]

## II. Discussion

 Contrary to Abbott's assertions, Maine Law Court decisions do not control whether Dr. Bragdon enjoys a Seventh Amendment right to a jury trial with respect to Abbott's state law claim. "[T]he right to a jury trial in federal court is governed by federal law, regardless of whether the substantive claim arises under state or federal law." *In re Acushnet River & New Bedford Harbor*, 712 F.Supp. 994, 1001 n. 10 (D.Mass. 1989) (citing *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963) (per curiam)). Thus, while the Seventh Amendment "does not apply to state court proceedings, [it] nonetheless controls when a federal court is enlisted to adjudicate a claim brought pursuant to a state's substantive law." *Gallagher v. Wilton Enters., Inc.*, 962 F.2d 120, 122 (1st Cir.1992) (citing *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 536–38, 78 S.Ct. 893, 900–01, 2 L.Ed.2d 953 (1958), *overruled on other grounds, Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Accordingly, "[a] federal court must look first to state law to determine the elements of the cause of action and the propriety of the remedies sought. This done, the court should turn to federal law to 'characterize' the action and remedies as either legal or equitable." *Gallagher*, 962 F.2d at 122.

 In this case, Abbott's claim arises under provisions of the MHRA which provide for both injunctive relief and civil penal damages. In addition, the MHRA neither expressly grants nor precludes a right to a jury trial. *See Tull v. United States*, 481 U.S. 412, 417 n. 3, 107 S.Ct. 1831, 1835 n. 3, 95 L.Ed.2d 365 (1987) (recognizing the " 'cardinal principle that' " courts should look first to the relevant statute to see whether there exists a reading of the statute " 'by which the

1. The Court notes that an amended complaint and consequent answer with a second demand for jury trial have been filed in this case. As a result of these second filings, Ms. Abbott moves anew to strike Dr. Bragdon's jury demand. Dr. Bragdon has yet to respond. Although the matter technically is not yet "under advisement," the Court nonetheless resolves the dispute at this time, having been sufficiently apprised of the relevant issues from the parties' original filings.

2. *See, e.g., Rozanski v. A–P–A Transport, Inc.*, 512 A.2d 335, 342 n. 1 (Me.1986) ("An action, arising under the Human Rights Act is equitable in nature, and any relief thereunder is granted only through the exercise of the sound discretion of a judge.") (quoting *Maine Human Rights Comm'n v. City of Auburn*, 408 A.2d 1253, 1261 (Me. 1979)).

[constitutional] question may be avoided.' ") (quoting *Curtis v. Loether,* 415 U.S. 189, 192 n. 6, 94 S.Ct. 1005, 1007 n. 6, 39 L.Ed.2d 260 (1974)). Accordingly, the Court is compelled to determine, under federal law, whether there exists a right to a jury trial in the circumstances of this case.[3]

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. Const. amend. VII. If any part of Abbott's MHRA allegation constitutes a legal claim, "the Seventh Amendment mandates that a jury demand be honored." *Gallagher,* 962 F.2d at 122 n. 3 (citing *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962)). On the other hand, if her MHRA claim is purely equitable, the Seventh Amendment right to a jury trial is not implicated. *See. e.g., Ramos v. Roche Prods., Inc.,* 936 F.2d 43, 49–50 (1st Cir.) (discussing right to jury trial in context of whether claim of backpay under Title VII is legal or equitable in nature), *cert. denied,* 502 U.S. 941, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991). In determining whether the action and remedies pursued by Abbott under Maine law are equitable or legal in nature, it is instructive that the Maine Law Court considers actions alleged under the MHRA to be equitable claims. As Dr. Bragdon points out, however, those decisions do not directly address "the nature of civil penal damages under the statute." (Def.'s Mem. Opp'n at 4.)[4]

The Supreme Court, in *Tull v. United States,* directly addressed the issue of statutory civil damages as they relate to the Seventh Amendment right to a jury trial. In *Tull,* the Supreme Court held that "a court in equity ... may not enforce civil penalties." 481 U.S. at 424, 107 S.Ct. at 1839 (citing *Porter v. Warner Holding Co.,* 328 U.S. 395, 399, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946)). Rather, a constitutional right to a jury trial exists to determine liability with respect to such penalties. *Id.* 481 U.S. at 425, 107 S.Ct. at 1839.

Abbott, without addressing *Tull,* asserts that her cause of action is primarily injunctive and equitable in nature. This Court concludes, however, pursuant to *Tull,* that the civil penalties available pursuant to the MHRA are not "incidental to or intertwined with injunctive relief." *Id.* at 424, 107 S.Ct. at 1839. Instead, they are separate from, and therefore may be imposed independently of, any injunctive relief sought by Abbott. 5 M.R.S.A. § 4613(2)(B)(7). *See Tull,* 481 U.S. at 425, 107 S.Ct. at 1839 (noting that under the statute in question, "each kind of relief is separably authorized in a separate and distinct statutory provision").

This Court therefore finds that Abbott's claim under the MHRA, for the imposition of civil penalties, is legal in nature. Accordingly, Dr. Bragdon has "a constitutional right to a jury trial to determine his liability" with respect to that claim. *Id.* Moreover, while the remainder of Abbott's claims under the ADA and the MHRA may be equitable, they too will be tried before a federal jury. *See id.* ("[I]f a 'legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.' ") (quoting *Curtis,* 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11); *see also Gallagher,* 962 F.2d at 123 n. 3 ("In cases which combine legal and equitable claims, a jury must decide the former, including issues of fact common to both sets of claims.") (quoting *Tull,* 481 U.S. at 425, 107 S.Ct. at 1839). Finally, while Dr. Bragdon's demand for a jury trial has been granted, the jury in this case will only determine his liability. This Court, "and not the jury[, shall] determine the amount of penalty, if any." *Tull,* 481 U.S. at 427, 107 S.Ct. at 1840. This Court, and not the jury, will

---

3. The Court notes that this same issue would arise were the U.S. government to join the litigation so as to enforce the provisions of the ADA, which similarly permits the assessment of civil penalties pursuant to 42 U.S.C. § 12188(b)(2)(C).

4. 5 M.R.S.A. § 4613(2)(B) provides in pertinent part: "If the court finds that unlawful discrimi-

nation occurred, its judgment must specify an appropriate remedy or remedies for that discrimination. The remedies may include, but are not limited to ... (7) An order to pay to the victim ... civil penal damages not in excess of $10,000 in the case of the first order under this Act against the respondent...."

determine whether to award any of the equitable relief requested by Ms. Abbott.

### III. Disposition

Accordingly, the Court *DENIES* Plaintiff's Motion to Strike Defendant's Demand for a Jury Trial.

*SO ORDERED.*