**LUIS ACOSTA, INC., Plaintiff,**

v.

**CITIBANK, N.A., Defendant.**

**Civil Nos. 93–2438 (DRD),
Civil Case 94–1108.**

United States District Court,
D. Puerto Rico.

Feb. 26, 1996.

Ernesto F. Rodriguez–Suris, Hato Rey, PR, Fausto David Godreau, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, Michael J. Rovell, Holstein, Mack & Klein, Chicago, Il, for Luis Acosta, Inc.

James D. Noel, Ledesma, Palou & Miranda, Hato Rey, PR, for Citibank, N.A. Citicorp.

Ruben T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, PR, Dora M. Penagaricano–Suarez, McConnell Valdes, San Juan, PR, for Citibank, N.A. Citicorp.

Carlos R. Rios–Gautier, Hato Rey, PR, for Luis Acosta–Lespier.

Ernesto F. Rodriguez–Suris, Hato Rey, PR, for Luis Acosta, Inc.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Citibank, N.A.'s request to strike Plaintiff's request for jury demand (Docket No. 70), and Plaintiff Luis Acosta, Inc.'s opposition thereto (Docket No. 73).

### I. Facts

The instant case is a claim against a bank creditor for lack of good faith, fair dealing and breach of fiduciary duties under federal banking laws, agency doctrines, federal tax laws, assumption of duty doctrines, fiduciary duty obligations, and local tort doctrine, wherein Plaintiff Luis Acosta, Inc. (LAI) claims damages in excess of twenty-one million dollars. Defendant Citibank has filed a counterclaim for $855,338.99, the balance of the loan agreement, in which Luis Acosta Lespier has been sued in his individual capacity as a guarantor of LAI's obligations to Citibank. Luis Acosta Lespier counterclaims against Citibank alleging causes of action based on mental distress and damages.

On July 29, 1983, LAI entered into a Loan Agreement with Citibank for a term loan of $300,000.00, and a revolving line of credit of $3,850,000 based on 936 funds with interest at the 936 prevailing rate or at one half ($\frac{1}{2}$) over New York prime rate. As collateral for both loans, LAI provided: (a) the personal unlimited guarantee of Mr. Luis Acosta Lespier; (b) a key man life insurance policy in the amount of $500,000.00 naming Citibank as the beneficiary; and (c) a hazard insurance policy, covering all of LAI's property and merchandise, with the bank as loss-payee. Citibank also requested that Mr. Luis Acosta Lespier's other corporations, to wit, Dávila Hermanos, Inc., Caribe Warehouses Corp. and Spanish American Corp., merge, leaving LAI as the surviving corporation. As collateral for the line of credit, Dávila Hermanos, Inc., a wholly-owned subsidiary of LAI, provided a factor's lien and assignment of accounts receivable agreement, as well as a power of attorney. In addition, various mortgage notes and one certificate of deposit were pledged as collateral for the term loan.

Citibank requests that the jury demand be struck because LAI allegedly waived its right to a jury trial. Citibank specifically points to the Factor Lien Agreement between Dávila Hermanos, Inc. and Citibank, which contains at ¶ 20 an express waiver of the right to a trial by jury.[1] Defendant therefore argues that the contract bars a trial by jury because ¶ 20 is a valid waiver of LAI's Seventh Amendment right to a jury trial, under *Connecticut Nat'l Bank v. Smith*, 826 F.Supp. 57, 59 (D.R.I.1993). To further support its argument, Citibank alleges that Mr. Luis Acosta Lespier, "a shrewd and experienced businessman," also signed the documents

---

[1]. Paragraph 20 of the Factors Lien Agreement provides that "[t]he Debtor hereby waives all rights to a trial by jury in any litigation relating to transactions under this agreement."

wherein the "security" provisions of the factor's lien agreement were made part of the Loan Agreement.[2]

Plaintiff's opposition points out three flaws in Defendant's motion. First, Plaintiff argues that the request to strike the jury demand is untimely because, among other reasons, Defendant has litigated the instant case for over two years and, hence, has waived the right to enforce the waiver. Second, Plaintiff alleges that the agreement to arbitrate does not refer to the Loan Agreement with capital "A" but only to the agreement with small "a", that is, the factor's lien agreement. Third, Plaintiff argues that the waiver was not "knowing and voluntary" and hence invalid because, amongst other factors, the clause was not specifically negotiated and the parties did not have equal bargaining strength.

## II. Analysis

### A. Timeliness of Defendants' Request

■ The Court rejects LAI's argument that Citibank's right to enforce the jury waiver clause has itself been waived because of untimeliness. The cases cited in support of Plaintiff's argument would seem to be persuasive, since even though they concern the waiver of the right to enforce arbitration clauses, and not jury waiver clauses, arbitration clauses are, in effect, waivers of jury trials. *Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 925 (3d Cir.1992) (right to enforce a contractual agreement to arbitrate was waived when the movant litigated the case in court for over a year). The reasoning is that it is contradictory and an abandonment to litigate in court while possessing an arbitration defense. However, the same reasoning is not applicable to a jury waiver

since, whether the case be held before a judge or a jury, all pretrial proceedings take place in court. Defendants' request is therefore not untimely because trial in this case has not yet begun.

### B. Scope of Waiver Clause

■ Out of the more than twenty contracts subject of this lawsuit, the factor's lien agreement is the only one that contains a jury waiver clause.[3] Citibank claims that the waiver was effectively extended to all of the other contracts, or at the very least, to the Loan Agreement, by a series of provisions that tied together all of the contracts. Upon examination of such provisions, the Court concludes that the waiver clause applied only to the Factor's Lien Agreement.

■ The question is primarily one of the intent of the parties at the time of contracting, and we approach cautiously "issues of motive and intent." *Oliver v. Digital Equipment Corp.* 846 F.2d 103, 107 (1st Cir.1988); *William Coll v. PB Diagnostic Systems, Inc.* 50 F.3d 1115, 1121 (1st Cir.1995). Caution is also advisable in interpreting the scope of a clause that would putatively waive a fundamental right.

Citibank's reliance on the provision in ¶ 21 of the Factor's Lien Agreement that "[t]he terms and conditions set forth herein shall complement but shall not supersede the terms and conditions of the Loan Agreement" is misplaced. As will be discussed below, jury waivers are valid only if made "knowingly and voluntarily," and the Court cannot detect any intent to have ¶ 21 extend the reach of ¶ 20 over the Loan Agreement and related contracts. To the contrary, it appears that ¶ 21 and the other provisions

---

**2.** Paragraph 21 of the Factor's Lien Agreement provides that "[a]ny advance made by Factor to Debtor and secured hereunder shall be subject to the terms and conditions of the Loan Agreement. The terms and conditions set forth herein shall complement but shall not supersede the terms and conditions of the Loan Agreement...."

**3.** There are at least twenty "agreements" signed between LAI and Citibank cited by Defendants as applicable to this case in the pre-trial order. The Court has examined the complaint and has found that the following other agreements are related to the causes of action alleged:

(1) Standby Letters of Credit of March 1984, May 1985, renewed in 1986, 1987, 1988.
(2) Agency Agreements to sell the lines distributed by LAI (February 5, 1992).
(3) Additional collateral agreements.
(4) Grid Note Loan Agreements in the amount of 1,350,000.00.
(5) Agreements to sell assets of LAI (§ 29 of the complaint).
(6) Agreements to honor checks (§ 37 of the complaint).
(7) Agreement to merge the corporations.

cited by Citibank only ensured that the collateral pledged by LAI as security for each of the loans extended by Citibank would secure the entire set of loans. Citibank has clearly established that the agreements should be taken together to describe an ongoing relationship, rather than a discrete set of independent contracts. However, it has failed to establish that the jury waiver clause was similarly extended. The Court concludes that neither ¶ 21 nor the other cited provisions can effectively extend ¶ 20's waiver of the right to a jury trial to the Loan Agreement. Accordingly, the Court holds that the scope of the jury waiver contained in ¶ 20 of the Factor's Lien Agreement is limited to such causes of action as depend exclusively on the Factor's Lien Agreement. Therefore, were the Court to find that ¶ 20 was effective, trial by jury would still be necessary as to disputes arising from any of the other contracts.

### C. Enforceability of Waiver

■ The Seventh Amendment to the United States Constitution guarantees the right to a jury trial in suits at common law, such as suits for damages.[4] However, as with other constitutional rights, the right to a jury trial may be waived, but only with difficulty, and the waiver must be clear and unequivocal. "It is elementary that the Seventh Amendment right to a jury is fundamental and that its protection can only be relinquished knowingly and intentionally." *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir.1977). See *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937) ("as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver); *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 300, 79 L.Ed. 603 (1934) ("any seeming curtailment of a right to a jury trial should be scrutinized with utmost care"); *Leasing Service Corp. v. Crane*, 804 F.2d 828, 832 (4th

Cir.1986); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985).

■ Courts have identified several factors that bear on the determination whether a jury waiver clause was entered into "knowingly and intentionally." One such factor is whether the waiver clause was set forth in bold and conspicuous lettering, or whether instead it was buried deep in the contract. *National Equipment Rental*, 565 F.2d at 258; but see *Connecticut National Bank v. Smith*, 826 F.Supp. 57, 60 (D.R.I.1993). Another factor is whether the parties are sophisticated enough to have comprehended the import of the language contained in the waiver clause. *Leasing Service Corp.*, 804 F.2d at 833; *Telum v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir.1988). A third factor is whether or not the parties were represented by counsel at the time of contracting. *Whirlpool Financial Corp. v. Sevaux*, 866 F.Supp. 1102, 1105 (N.D.Ill. 1994); *Connecticut National Bank*, 826 F.Supp. at 60. Finally, courts consider whether there is a gross inequality in bargaining power between the parties. *Leasing Service Corp.*, 804 F.2d at 833.

■ There is a split among the circuits as to which party bears the burden of proof, either that the waiver was knowingly and voluntarily consented to, or that it was not. Compare *Leasing Service Corp.*, 804 F.2d at 833 (burden is on party seeking to enforce the clause containing the waiver of the right to a jury trial); and *National Equipment Rental*, 565 F.2d at 258 (same); with *K.M.C. Co.*, 757 F.2d at 758 (burden is on party seeking to invalidate contractual agreement waiving right to jury trial). Even though the First Circuit has not expressed an opinion as to this matter, we are persuaded that the burden of proving the waiver of such a fundamental right properly rests upon the party seeking to enforce such a waiver.

■ In this case, Citibank has not carried its burden of proving that LAI knowingly and voluntarily waived its right to a jury

---

**4.** The Seventh Amendment's right to a trial by jury in federal civil suits is a matter of federal, not state law. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Therefore, the right to trial by jury in civil suits at common law

applies even to diversity suits before the federal court in Puerto Rico, notwithstanding the lack of such a right under the laws of Puerto Rico. *LaForest v. Autoridad de Las Fuentes Fluviales de Puerto Rico*, 536 F.2d 443 (1st Cir.1976).

trial. True, Citibank points to ¶ 20 and alleges that Mr. Acosta is "a shrewd and experienced businessman," which goes to the issue of the parties' sophistication. However, Citibank has provided no evidence whatsoever as to the parties' specific negotiations over the waiver, the conspicuousness of the provision, nor the parties' relative bargaining power.

Citibank has not only not carried its burden of proof; there is also evidence pointing against a knowing and voluntary waiver, for the waiver clause is not in boldface and is buried at the end of the contract. The Court therefore holds that the waiver has not been proven to have been knowing and voluntary, even as to controversies exclusively arising from the factor's lien agreement.

Furthermore, as noted above, the scope of the waiver clause is therefore limited to, at most, the factor's lien agreement, yet no single one of LAI's claims depends exclusively on this agreement. As recognized by Citibank in its supplementary motion, "it is impossible to segregate the provisions and rights of Citibank under the Factor's Lien Agreement from the remaining agreements between the parties." Instead, LAI seeks compensation for the systematic violation of fiduciary duty, banking statutes, federal tax laws, and local tort law, considering the entire set of agreements that the parties entered into over the course of their business relationship. The Court will therefore be unable to hold a bench trial on the factor's lien agreement in isolation from the other contracts. Since the Plaintiffs are entitled to a jury trial with regards to all such other matters and agreements, the entire trial must be held before a jury.

The Court therefore **DENIES** the request to strike the jury demand.

IT IS SO ORDERED.