**NUCLEAR MANAGEMENT CORPORATION,**
**Plaintiff,**

v.

**COMBUSTION ENGINEERING, INC.**
**and Octagon, Inc., Defendants.**

**No. 3:94CV403(WWE).**

United States District Court,
D. Connecticut.

Jan. 24, 2000.

Patrick J. Fitzgerald, III, Zeldes, Needle & Cooper, Bridgeport, CT, William C. Longa, Woodbridge, CT, for Plaintiff.

Benjamin A. Solnit, Tyler, Cooper & Alcorn, Robert K. Ciulla, Ciulla & Donofrio, Ira B. Grudberg, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Anthony C. Epstein, Steptoe & Johnson, Washington, DC, for Defendants.

### RULING ON DEFENDANT, COMBUS-TION ENGINEERING, INC.'S MO-TION TO STRIKE JURY TRIAL CLAIM

EGINTON, Senior District Judge.

The plaintiff, Nuclear Management, filed a seven count complaint against defendants, Combustion Engineering, Inc. and Octagon, Inc. alleging, *inter alia*, a violation of the Connecticut Trade Practices Act ("CUTPA"). Defendant Combustion Engineering has moved to strike the jury claim respecting the CUTPA count.

#### Discussion

In a federal diversity action, the characterization of a state claim as legal or equitable for the purpose of determining whether there is a right to a jury trial is made by recourse to federal law. *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Federal courts follow the two step analysis set forth in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). First, the court must determine the nature of the claim: whether CUTPA would have been tried in courts of equity, prior to the merger of the courts of law and equity in 18th century England. Second, whether the remedy sought is legal or equitable.

This Court concurs with the opinion of the Honorable Alvin W. Thompson that CUTPA's "nature" and remedies tend to be equitable, and that CUTPA does not create a right to a trial by jury. *Tesco Enterprises, Inc. v. Fibredyne Corporation, et al.,* No. 2:90:CV856 (D.Conn.1998).

Defendant Combustion Engineering's Motion to Strike Jury Trial Claim as to count four of the complaint [Doc. # 150] is GRANTED.