FGDI, INC., Plaintiff,

v.

BOMBARDIER CAPITAL RAIL INC., Defendant.

No. 3:03–CV–843–J–TEM.

United States District Court,
M.D. Florida.
Jacksonville Division.

May 11, 2005.

Mollie Pawlosky, Dickinson, Mackaman, Tyler & Hagen, P.C., Richard A. Malm, Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, IO, Tracy S. Carlin, Mills & Carlin, P.A., Jacksonville, FL, for FGDI, LLC, Plaintiff.

James Arthur Bolling, Smith, Hulsey & Busey, Stephen D. Busey, Smith, Hulsey & Busey, Jacksonville, FL, for Bombardier Capital Rail, Inc., FGDI and Bombardier, Defendants.

Terrance E. Schmidt, Bledsoe, Schmidt, Moonly, & Roberson, P.A., Jacksonville, FL, Pro Se.

## ORDER

MORRIS, United States Magistrate Judge.

This case is before the Court on Plaintiff's demand for a jury trial, as stated in

the original and first amended complaints (Docs. # 1 & # 6), and Defendant's objection to a trial by jury as noted in the Case Management Report (Doc. # 12). Defendant claims Plaintiff has waived its right to a trial by jury. Plaintiff contests any such waiver. The parties have briefed the issue (Docs.# 29, # 30, # 33, # 34) and the Court has heard oral argument on the matter (Doc. # 58).

The parties to this dispute entered into a Master Railcar Service and Lease Agreement ("Master Lease") on December 6, 2000 (Doc. # 6, Ex. A). The terms of the Master Lease provide for rental of railcars by Plaintiff from Defendant for an unspecified period of time. Several "schedules" specifying the particular railcars for lease, the term of the lease and the rental prices for those cars were agreed to by the parties and appended to the Master Lease on various dates. *See* Doc. # 6, Exhibits C, F, H & I.[1] The Master Lease was amended by the parties on December 17, 2002. The Master Lease Amendment is at the crux of the jury waiver issue currently in dispute by the parties.

A jury waiver provision is found within paragraph 25 of the eight page Master Lease. That paragraph is entitled "Governing Law" and specifies as follows:

This lease shall in all respects be governed by, and construed in accordance with, the internal laws (but not the law of conflicts) of the State of Minnesota, including all matters of construction, validity and performance. Lessee agrees that any action by Lessee or Lessor concerning the Lease shall be venued in the courts of the State of Minnesota, and Lessee hereby submits to the personal jurisdiction of the Courts of Minnesota,

both federal and state, in any action with respect to this lease and agrees that any state court action shall be venued in the district court of Hennepin County, Minnesota. Lessor and Lessee each irrevocably waives the right to a trial by jury in any legal proceeding arising out of or relating to this Lease or the transactions contemplated hereby.

Doc. # 6, Ex. A.

No one disputes that representatives of both parties signed the Master Lease. However, Plaintiff contends the waiver to a trial by jury is not enforceable because it was not made knowingly, voluntarily and intelligently when Plaintiff's representative signed the Master Lease. Plaintiff further contends, the jury waiver contained within the Master Lease, if found to be enforceable, was subsequently invalidated by the Master Lease Amendment, wherein the "Governing Law" paragraph was rewritten to change the controlling law and venue from Minnesota to Florida, and to exclude any language concerning a jury waiver.

The Master Lease Amendment is a two page document containing three enumerated paragraphs. The introduction to this documents states the "Lessee and Lessor desire to amend the Schedules and the Master Lease Agreement to make technical corrections to facilitate the documentary stamp process." Doc. # 6, Ex. B at 1. The paragraph which concerns the instant dispute is entitled "Governing Law and Venue" and provides:

This Amendment, the Schedules, and respective Master Lease Agreement shall in all respects be governed by and construed in accordance with the internal laws (but not the law of conflicts) of the State of Florida, including all mat-

---

1. The Court notes that some schedules, and the related amendments thereto, do not specify effective dates for these supplemental agreements. See, e.g., Doc. # 6, Exhibits D,

E, F. In fact, two lease renewal amendments are not signed by Defendant's representative. Doc. # 6, Exhibits J & K.

ters of construction, validity and performance, and it is agreed that venue for any action associated with or pertaining to the Master Lease Agreement, the Schedules, or this Amendment shall be in Duval County, Jacksonville, Florida. Doc. # 6, Ex. B at 2.

Defendant asserts the "new" Governing Law paragraph[2] was not intended to replace the earlier paragraph in its entirety and, thus, the right to a jury trial remains waived by both parties. Plaintiff argues the amended paragraph is basically a "novation" where the terms of the original paragraph are supplanted by the terms of the new paragraph. Alternatively, Plaintiff urges the Court to find what the parties intended to do with the jury waiver is at least ambiguous, where such ambiguity should be construed against Defendant as the drafter of the agreement.[3]

The Seventh Amendment right to a trial by jury is a well-established and essential component to our federal judicial system. *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Where the Constitution guarantees litigants in federal court the right to have their cases tried by a jury, Rule 38 of the Federal Rules of Civil Procedure sets forth how to put that guarantee into action. *City of*

*Morgantown, W.Va. v. Royal Ins. Co.,* 337 U.S. 254, 258, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); Fed.R.Civ.P. 38. There is a strong preference within the federal courts for permitting jury trials. Denial of a jury trial is subject to the "most exacting scrutiny." *Id.* Thus, any waiver by the parties of such an essential right shall be closely examined. *See Burns v. Lawther,* 53 F.3d 1237 (11th Cir.1995) (noting appellate courts apply "exacting scrutiny" when reviewing whether a party has waived a jury trial by failing to make a timely demand).

The right to a jury trial is to be determined by the court as matter of law, regardless of whether the case is brought in diversity or under another basis for federal jurisdiction. *Simler,* 372 U.S. at 222, 83 S.Ct. 609. The court is obligated to decide whether a contract provision under Florida law is ambiguous. *Arriaga v. Florida Pacific Farms, LLC,* 305 F.3d 1228, 1246 (11th Cir.2002) (internal citation omitted). Here, each party argues a different interpretation as to the omission of the jury waiver language from the Master Lease Amendment. It is reasonable to read the amended paragraph on Governing Law and Venue as a replacing the original Governing Law paragraph in its entirety, particularly since the jury waiver was con-

---

**2.** Here, the Court would note that neither the title of the original paragraph, Governing Law, nor the title of the amended paragraph, Governing Law and Venue, would put the typical reader on notice that jury waiver language may be stated therein. While there was nothing particularly conspicuous about the sentence that stated the parties waived any right to a jury trial, neither was the sentence buried in the middle of the contract. Conspicuousness is one of five factors the Middle District of Florida has considered when attempting to determine whether a party has knowingly, voluntarily and intelligently waived the right to a jury trial in a contract provision. *Allyn v. Western United Life Assurance Co.,* 347 F.Supp.2d 1246 (M.D.Fla.2004). These factors, however, are not determinative

as the court must view the alleged waiver in light of all the circumstances. *Id.* at 1252. In the instant case, as noted *infra,* the Court has found its analysis need not address each of the *Allyn* factors as the particular, and somewhat unusual, facts of this case dictate the result.

**3.** The Bombardier Capital logo appears on the first page of both Master Lease Agreement and the Master Lease Amendment. Defendant's counsel expressly conceded his client drafted both documents. *See* Doc. # 58, Transcript, at page 101 (where counsel notes Bombardier's representative sent a revised draft of the master lease to FGDI) and pages 94–95 (where counsel affirms Bombardier was the drafter of the changes).

tained in the last sentence of the original paragraph.[4]  Alternatively, it is reasonable to read the new paragraph as replacing only the terms concerning the applicable law and venue, without altering the language on the jury waiver from the original paragraph.  Because the Court finds both interpretations provide reasonable constructions, the Court must also conclude the jury waiver provision is ambiguous.  *Id.* Although the written terms are clearly stated in both the original "Governing Law" paragraph and the amended paragraph, what is clearly ambiguous is whether the new paragraph was intended to supplant the original one.

■ In general, "ambiguities in contracts are construed against their drafters."  *Key v. Allstate Ins. Co.,* 90 F.3d 1546, 1549 (11th Cir.1996) *citing Hurt v. Leatherby Ins. Co.,* 380 So.2d 432, 434 (Fla.1980).  Similarly, errors in drafting contracts are construed against the drafter.  *McGregor v. Board of Commissioners of Palm Beach County,* 956 F.2d 1017, 1022 (11th Cir.1992).  Had Bombardier wanted to include the jury waiver language in the amended paragraph, it could have done so.  As Plaintiff's counsel pointed out during oral argument, one could "just as easily infer [from the omission that] Bombardier wanted to preserve its right to a jury trial in Florida, where it may not have wanted to have a jury trial in Minnesota. . . ." Doc. # 58, Transcript, at 106.

■ This "construction-against-the-draftsman" rule is designed to reach beyond the words of the contract to determine the intent of the parties.  In a case such as this, where the words themselves simply disappeared from an amended paragraph, the Court has no choice but to look beyond the contract provisions for the intent of the parties.  Although some courts have considered this rule of construction to be a "secondary rule of interpretation," it is a useful tool to apply in situations, where the intent of the parties is unclear and review of extrinsic evidence still leads to an inconclusive determination.  *See Arriaga,* 305 F.3d at 1248.  When a contract provision is subject to reasonable, yet opposing, interpretations, the preferred interpretation is the one "which operates more strongly against the party from whom the words proceeded."  *Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208, 209 (5th Cir.1978).[5]  As noted by the *Arriaga* court, "a policy reason supporting this rule of construction is that the party against whom it operates had the possibility of drafting the language so as to avoid the dispute."  *Arriaga,* 305 F.3d at 1248 (internal quotations and citation omitted).

■ Thus, having concluded the jury waiver provision is ambiguous in this instance, the Court does hereby find Plaintiff did not knowingly, voluntarily and intelligently waive its right to a trial by jury.

---

4.  In the Master Lease Amendment, the first paragraph, entitled "Technical Revisions," contained revisions which were detailed as to specific sections and sentences from the Master Lease.  The Technical Revisions paragraph indicated where the new language deleted and replaced the original language.  By contrast, the paragraph entitled "Governing Law and Venue" appears to be a complete revision, not limited by substitution of certain sentences, as there is no qualifying language to indicate specific sentence substitutions.  If the drafter had followed the same pattern of specifying which sentences were to be substituted in the Governing Law and Venue paragraph as was done with the Technical Revisions paragraph, it is less likely an ambiguity would exist.

5.  In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

This matter shall proceed to a jury trial on the date established by the scheduling order.